November 27th, 1816, the Judges pronounced their opinions.
Judge Coalter.
This is an action of Debt on a Bond conditioned to abide by an Award, &c. The Declaration is in Debt on the penalty of the Bond : the defendant takes Oyer of the Bond and Condition, and pleads Conditions performed ; to which the plaintiff replies generally, and there is a general rejoinder and issue, and verdict and judgment for the plaintiff
The first question which arises is, whether the pleadings and issue in this case are merely informal, and so aided by the statute of Jeofails; or whether there is such substantial defect, that judgment cannot be given for the plaintiff on the verdict.
I at first doubted whether, as the plea in this case amounted, though informally, to an admission that an Award was made, and put the defence on the performance, it was a fatal error in the plaintiff, not aided by the statute, to omit, in his Replication, to set out the Award and assign a breach ; but I find it clear, on an examination of the authorities, that, where the plea is no Award, not only the Award itself must be set out, that the Court may see that it is a legal Award, but the breach must be assigned ;(a) for, as an Award may be bad in part and good ’a Part> <-'ourí i® judge whether the breach is assigned of a part that is good; and, for this reason, there is more strictness required, as to assigning a breach, in cases of this kind, than in suits upon ordinary Bonds; and therefore such defect is not cured by verdict. And even where the defendant set out that part of the Award which he was to perform, and pleaded per *249 formance thereof, which the plaintiff denied and tendered an issue, without setting out what he was to perforin, so as to shew the Award was mutual, and afterwards demurred to the defendant’s Rejoinder, the Replication was considered as bad ; but the Court would not give judgment for the defendant, although it was on Demurrer ; thinking the plaintiff had been tricked by the pleadings, and therefore suffered him to discontinue, (a) I think, therefore, this case is not aided by the statute.
The next question is, whether there ought to be a Repleader, or Judgment for the defendant.
I think there cannot be judgment for the defendant, unless upon the ground that the Declaration contains no cause of action, and, consequently, that the judgment must be arrested; (in which case, the plaintiff must bring his suit again, and declare properly ;) or because, notwithstanding the verdict in Ms favour, it sufficiently appears, on the merits, that the plaintiff cannot better his case, and therefore a Repleader would not avail him.
As to the first, there is no doubt hut the Declaration is good; and although the Oyer makes the Condition of the Bond, as it were, part of the Declaration, yet it is not to all purposes as much so as if it bad been set out in the Declaration by the plaintiff himself : for if he had set it out, and had failed to set out the Award and assign a breach, the defendant might have demurred to the Declaration ; but, here, the defendant, on taking Oyer, could not demur ; he could only demur to the Replication, and rely on the defects in it above noticed. He unites, however, in the issue, and a verdict is found against him.
The rule as to Repleaders is that, where the issue is immaterial, the Court will award a Repleader, if it will be the means of effecting substantial justice between the parties, but not otherwise ; (b) and then they must begin again at the first fault which occasioned the immaterial issue. If the Declaration is insufficient, and the Bar and Replication are also bad, they must begin dsnmo ; but if the Bar be good, and the Replication ill, at the Replication: but a Repleader will not be awarded before trial, as. the defect may be cured by the verdict. I cannot find any authority, nor can I discover any reason for a difference in this case from all other cases where the plea presents a bar which the plaintiff in his Replication, fails to remove and thereby to support his Declaration. Why remit the plain *250 tiff to his new action, when he may lawfully file the same Declaration again, and support his case by replying the Award, and assigning a breach ; into which error he may have been duped by the informal plea of performance by the defendant ?
It is true, if the plaintiff has shewn, or if that has appeared by a verdict for the defendant, that he cannot make his case better, then a Repleader, as it could not conduce to substantial justice, would not be granted.
On this point the rule is that, where the party, for instance the defendant, confesses and avoids by such matter, as can never be made good by any manner of pleading; then judgment shall be given against him, as upon his own confession, without any regard to the issue ; (a) but otherwise, where he avoids
by such matter, as would have been sufficient, if it had been well pleaded. And the distinction between a Repleader and a Judgment non obstante veredicto, is this, that where the plea contains a defective title, or ground of defence, by which it is apparent to the Court, upon the defendant’s own shewing, that, in any way of putting it, he can have no merits, and the issue joined thereon be found for him, then, as awarding a Repleader could not mend the case, the Court will at once for the sake of the plaintiff, give judgment for bjm ,- but where the defect is in the manner of stating the defends, ai^d the issue joined thereon is immaterial, so that the Court know not for whom to give judgment, there, for their own sake, they will award a Repleader: a judgment, therefore, non obstante veredicto, is always upon the merits, and never granted but io.a very clear case ; a Re-pleader is upon the form and manner of pleading. (b)
This case, therefore, standing on a verdict for the plaintiff, and not on a Demurrer; and this verdict being found on an issue, joined upon a good Declaration ; although the Replication has not supported that Declaration by clearly and sufficiently shewing a good cause of action ; notwithstanding the matter set out in the plea ; yet, as it does not shew, that the plaintiff has no cause of action, I must consider it, as resting upon the form and manner of pleading ; and, not being able to give judgment for either party ; not for the defendant, because the're is a verdict against him on the issue tendered by himself; nor for the plaintiff, because his Replication is insufficient, I must award a Repleader.
*251 Judge Brooke. After Oyer of the Condition of the Bond had made it a part of the Declaration, the plaintiff ought by his Replication to have alleged a breach to sustain his Declaration. Having failed to do so, by replying generally to the Plea of Conditions performed, he is in no better situation than if he had recited the condition of the Bond in the Declaration, ami omitted to aver a breach. It is true, the defendant could not succeed upon a Demurrer, after Oyer and before Plea; because, until the plaintiff had the opportunity to reply, he was well in Court. It would be an extraordinary case if the plaintiff could have Judgment on a Bond, conditioned to perform the Award of Arbitrators, without any allegation, that there was an Award, or failure to perform it, in any part of the pleadings. 1 am therefore of opinion, the Judgment must be arrested.
On the 2nd question, which has occurred to the Court, to wit, whether a Repleader can be awarded, I am of opinion that this case does not come within the Rule laid down in Smith v. Walker’s ex'ors., and other cases of the same import in this Court, in that case the Court refused to award a Re-pleader, because the plaintiff had not shewed a good action in liis Declaration, and there was no good foundation to erect new pleadings on: but in this case, the Declaration was good until the Oyer of the defendant made the Condition of the Bond a part of it; and, as before remarked, he could not have demurred to it. The fault then is in the plaintiff’s Replication, and not in the Declaration ; so that here is a good foundation to erect new pleadings.
On this ground, I am of opinion that a Repleader ought to be awarded.
Judge Roane. I am not entirely satisfied that a Repleader ought to be awarded in this case ; because it does not appear from the Declaration, (as amended by the Oyer) or from the Replication, that any Award exists, or has been broken. It is not known to the Court, that the Appellee has any cause of action: and, therefore, I am not certain that we ought, by awarding a Repleader, to detain the Appellant in Court. On this point I have not formed a conclusive opinion: but, as the *252 other Judges are clear that a Repleader should be awarded, one is to be awarded accordingly.
Judgment reversed; the pleadings, and other proceedings, subsequent to the Plea, set aside; and a Repleader awarded.

 1 Saund. 103; 1 Salk 138; Hobart, 198, 233.

 Veale v. Warner, 1 Saund. 326, 327.

 1 Chitty, 633; 2 Saund. 319.

 3 Salk. 121.

 1 Chitty, 633.