PINBD, P.,
delivered the opinion of the court.
It appears from the record in this case, that Thomas H. Mitchell, on the 3d of August, 1818, executed a bond in the penalty of $542 84 to Nathaniel Thompson, who assigned the bond to Garland Thompson. Both Garland Thompson and Mitchell having died, suit was brought on the bond by Philip M. Thompson, *administrator de bonis non of Garland Thompson, against Joseph Mayo, administrator of Thomas H. Mitchell, and judgment recovered for the penalty of the bond, to be discharged by the principal sum due, with interest and costs.
In the petition for the appeal several errors in .the record have been assigned, which need not be noticed. They arise on the pleadings, and may not occur in this cause here. The declaration does not con-' tain all necessary averments of the nonpayment of the money. The plaintiff should have averred in his declaration that Thomas H. Mitchell did not in his lifetime pay the money either to Nathaniel Thompson before notice of the assignment, or to Garland Thompson in his lifetime, or to Philip M. Thompson his administrator since, and also that the defendant had not paid the money either to Nathaniel Thompson before notice of the assignment, or to Garland Thompson in his lifetime, or to his administrator since. See the cases of Braxton’s adm’r v. Lipscomb, Buckner and wife v. Blair, and Green v. Dunlany, 2 Munford, 292, 336, 518. The declaration in this case contains no averment of the nonpayment of the money by the defendant to-Nathaniel Thompson before notice of the assignment, nor to Garland Thompson in his lifetime since. These omissions rendered the declaration fatally defective, and on this ground the demurrer to the declaration should have been sustained and judgment entered for the defendant, or leave given the plaintiff, if asked for, to amend his declaration.
The judgment is, therefore, tobe reversed with costs, and the cause remanded.
At a subsequent day of the term, on the motion to the counsel for the appellee, the counsel for the appellant consenting te< waive any objection to the declaration, the order entered in conformity with the foregoing opinion was set aside, and the cause re-heard.
‘•■Daniel, for the appellant on the: re-hearing,
1. The plaintiff’s replication to the plea of payment, assigning breaches of the condition, was clearly a departure in pleading, and therefore bad. 1 Chitty PI. 555-8.
2. Supposing the replication to have been: regular, then it showed that there had been no infraction of the condition of the bond. The obligor was only bound to pay any deficiency of the trust subject, and the ascertainment of that deficiency by the trustees was a condition precedent to any liability of the obligor. 1 Chitty Pl. 280, notes 1. m. n. Worsley v. Wood et als., 6. Term R. 710. The plaintiff was estopped by the bond to deny that there was any trust, subject. And the trustees did not ascertain *798 and certify the deficiency thereof, as required by the condition.
It may be said, the replication is in fact a mere acceptance of the issue of payment, because it concludes with a denial of the fact of payment. Such is not its scope and purpose^ taken all together; but if it were, then that is conclusive to show that the court erred in excluding the plea of “conditions performed.” Eor this bond is within the statute 8 and 9 William III, which extends to bonds conditioned for the payment of money by installments, and breaches, must be assigned, (2 Chit. Pl. 192; Willoughby v. Swinton, 6 East, 550,) and “conditions performed,” is the proper plea to enforce the assignment. In Hammitt v. Bullitt’s ex’or, 1 Call, 567, it is said, “that the plea of ‘conditions performed’. is equivalent to the plea of payment in debt on bond for the payment of money. ’ ’ But that was after verdict, and the question of payment had been tried on that plea, nor is this such a bond.
Lyons, for the appellee, on the re-hearing:
The only proper plea of payment was, that the defendant had paid the money in the condition mentioned, *and to that plea the replication was proper. If such was not the plea, the demurrer reached it, and a re-pleader should have been awarded. Mansell on Demurrer, 26th Law Lib. 90; 1 Chitty Pl. 668.
But the plea pleaded was the proper plea of payment, as the court decided in rejecting the other pleas tendered; and the plaintiff was bound to assign breaches in his declaration or replication. The modern practice is to assign them in the replication. The common law rule of pleading has been varied by the statute. 9 William III., and 1 Rev. Code, 119, chap. 120; Tate’s Dig. 121; Hurlstone on Bonds, 132; 9 Law Lib. 69, 70; 2 Chitty Pl. 153.
There has, then, been no departure in the pleading, because the plaintiff has only replied that which he was bound to reply in confirmation and support of the declaration. 1 Chitty on Pl. 643-4, 647-8; Mansell on Demurrer, 79; 26th Law Lib. 53.
If there is any defect in the replication, it is merely formal in the conclusion, which could be reached only by special demurrer, (1 Chitty Pl. 662-3,) and here there being no substantial defect, under the statute of jeofails, the judgment must stand. 1 Rev. Code, 1819, chap. 128; Tate’s Dig. 138.
But if the replication be bad, the judgment could not be for the defendant: 1. Because there is an issue joined on the plea of payment, upon which there must be a finding. 2. Because a final judgment is pever rendered against a plaintiff because of a defective pleading, when the defect is matter of form merely. Leave is always given to amend, if asked. Bowles v. Elmore’s adm’r, 7 Grat. 385; Graham v. Scott and Graham, 4 Munf. 205.
But, it is submitted, that the replication is good, being a perfect reply to the only plea of payment which the defendant could possibly plead. If there be any defect in the pleadings, it is in the plea, and judgment must be for the plaintiff. Baird v. Mattox, 1 Call, 261; Kirtley v. Dick, 3 Hen. & Munf., 388; *Callis v. Waddy, 2 Munf., 511; Day, ex’or of Yates v. Pickett, 4 Munf., 104.
THOMPSON, J.
Judgment of reversal was rendered in this cause at a former day of the term, upon the ground that the court below overruled the demurrer to the declaration, when it should have sustained it, because of the omission of material aver-ments — that is, averments of non-payment to the original and all the successive owners of the debt before notice of assignment and non-payment by those successively bound. But the parties, by their counsel, preferring a decision of the cause upon the merits, rather than that it should go off upon merely formal or technical grounds, have consented to a rescission of the order of reversal, and the counsel of the appellee agreeing to waive the error grounded on the defect in the declaration and consenting that we shall consider the law as if the declaration contained all the proper averments and was unexceptionable, the case again comes up for consideration and decision upon the. grounds of error intervening and arising subsequent to the declaration, and which were alone relied on by the counsel of the appellant in his argument.
The obligation on which this action is founded is certainly sui generis. In form, it is a bond with collateral condition; in substance, an old fashioned penal bond, in a penalty of the double of the principal, ■ and conditioned for the payment of the principal in installments, or rather for the payment of so much of the principal as should remain unpaid by the property conveyed in trust for the security of this and other debts. It did not create the debt, but was the acknowledgment of and promise . to pay a pre-existing debt, by what security evidenced other than the trust deed we are not informed, as we have not a copy of that deed in the record. It imposed no liability upon the obligor which did not exist without it, by reason of the' pre-existing debt secured by the trust deed, and *whether it impaired, circumscribed or suspended the rights of the obligee to any extent, provided he chose to waive its benefits, whatever they might be, and disclaim its burdens and rely upon his pre-existing debt, secured by trust deed alone, is certainly a question not clear of doubt. I think it highly probable, however, from the coincidence of the dates of the obligation and the trust deed recited in the condition, that there either never was another security evidencing the pre-existing debt, or, if there was, that it was the intention of the parties in executing this obligation contemporaneously with the trust deed to merge or substitute the old evidence of debt in the new obligation, and I think it highly probable, if the trust deed; *799 •were examined, it would sustain this hypothesis. But, whether this be so or not, as this obligation bears even date with the trust deed, and in its conditions contains stipulations for indulgence and payment of the deficiency by installments and imposing upon the obligee and the other creditors secured by the trust deed the risk of the insolvency of any of the bonds arising from the sale of the trust estate, I strongly incline to the opinion, if it does not operate a merger of the old security, whatever it was, in the new, it at least operated a suspension, and by the new impairs the rights of the obligee to the extent of throwing upon him the risk of- insolvency of debtors to the trust fund, becoming such by purchase under the trustees of the trust property.
Upon this bond the plaintiff sued, counting upon and demanding the penalty, as in case of a simple obligation for the payment of money. In this he was but exercising an election, which belonged to him, either to assign breaches in this declaration, or set them out in his replication to the plea. The defendant pleaded payment, and the plaintiff, doubtless interpreting that as an informal plea of conditions performed, filed a replication, setting out the conditions and assigning breaches; to this replication the defendant demurred, *and the court overruled the demurrer, (as also the demurrer to the declaration which by agreement is now out of the question,) and gave judgment in favor of the plaintiff for the debt and interest, with- costs. It was insisted on in argument by the counsel of the plaintiff in error, (defendant in the court below,) that the court should have sustained his demurrer to the replication, and have given a peremptor3 judgment for him, turning the plaintiff out of court; first, because of a departure in pleading, and, secondly, upon the merits — the insufficiency of the breaches assigned to justify a recovery, even if the plea of payment were to be taken and considered as an informal but, substantial plea of conditions performed. Regarding it as a strictly technical .plea of payment, and so intended, the replication is certainly not obnoxious to the objection of being a departure in pleading. That consists, on the part of the plaintiff, and can only begin on his part, with the replication, in deserting the ground of action taken in the declaration ; and on the part of the defendant, in deserting, and departing from the defence taken in the plea. There is not the slightest pretence here for saying the plaintiff, by his replication, departed from the ground assumed in his declaration; because, in truth, his declaration and his replication are not only not inconsistent, but together, constitute his true ground of action, and which if he had so elected, might have been set out in his declaration altogether, instead of being embodied in his declaration and replication. The most that can be said, then,, and the most unfavorable judgment we can pass against the plaintiff, if we must consider the defendant’s plea a plea of payment, and nothing else, is, to hold, that by his replication he tendered an immaterial issue, the consequence of which would be to sustain the demurrer and award a re-pleader. Besides, regarding this as only a plea of payment, there is much force in the argument of the counsel of the ap^ pellees, that the replication, besides assigning breaches, in express terms negatives the plea, by denying payment *of the principal sum, or any part thereof, by the trustees, and it certainly would be a very technical and strained interpretation of the plea, to understand it as averring payment of the penalty or anything more than was de-mandable and recoverable by law. In legal .contemplation, it was a bond but for the principal and interest, and whether judgment be entered upon it after verdict or by default, it must be for the penalty, to be discharged by the principal with its interest.
But I think we are well justified in regarding the plea as an informal but substantial plea of conditions performed. It is what may be termed an argumentative plea of conditions performed ; that is, an averment that he had performed the conditions, because he had paid the debt which was the condition, and the only condition, to be performed by him. If there were other conditions in the conditional part of the obligation, they were to be performed by. others, the plaintiff or the trustees, and not by him. That both parties understood and intended this to be a plea of conditions per-, formed, in effect, I do not think there is the least room for doubt. The history of the proceedings shew it, if there were nothing else. In June, 1847, the plea of payment was pleaded, and plaintiff replied generally non-payment, and issue was joined. On the 31st May, 1849, after the lapse of nearly two years, by consent of the attorney of both parties, it was agreed between them, ‘ ‘that the replication heretofore filed to the plea of payment and joinder of issue , thereon, should be withdrawn, and that it be considered that the same pleadings mutatis mutandis as have been made up or tendered in the case of Enders & Clarke, trustees, &c. of P. T. Shellon & Co. v. Mitchell’s adm’r, this da> decided by this court, have been tendered and made up in this case, and that the same bill of exceptions sealed in that case has been sealed in this, and that the court may thereupon consider and decide. the same questions in this case, which were considered and decided in that, as if the same proceedings which took place in that *case were formally drawn out in the record in this, and that in any record which may be hereafter made of this cause, the same may be drawn out mutatis mutandis at length as part thereof.” Is it conceivable, that such an order as this, setting aside the replication of non-payment and issue joined thereon, made two years before, would have been set aside by the *800 consent of both parties and another form of pleading adopted by reference to a suit against the defendant by another plaintiff upon a similar obligation, if both parties had not perfectly understood, though in form a plea of payment, it was in substance a plea of conditions performed? I think not. I am, therefore, of opinion that the replication was faulty, neither on the ground of departure nor immateriality, and that so far as the demurrer was taken for the one or the other of these causes, it was rightly overruled.
The remaining and most important question arising upon the demurrer to the replication, treating the plea as a plea of conditions performed, the question which involves the merits, and the one which I suppose the parties all along and now design to present for decision, is the sufficiency of the breaches assigned in the replication to justify a recovery; or, in other words, (for it amounts to the same thing,) whether an action at law can now be successfully maintained, inasmuch as, I presume, all the trustees are now dead, which would render literal compliance with all the requirements to be performed by them, if deemed a sine qua non or condition precedent to the accrual of a right of action, impossible. And this I understood to be the position taken by the counsel of the plaintiff in error: that as neither the settlement of the trustees’ account, nor their certificate of payments and deficiency endorsed on the bond could now be procured, the plaintiff must either seek his redress in a court of equity, or sue upon his original cause of action and his original security, if any he had, which is equivalent to saying he is without redress anywhere, as the statute of limitations or the *lapse of time would present an insuperable barrier to a successful prosecution of his claim in a court of equity or at law upon the original cause of action. In view of such consequences to the plaintiff from his failure in this action, we should not be disposed to lend a willing ear to the technical defences and turn him out of court, unless constrained to do so by force of the most imperative mandates of the law.
The question, then, is, has the' plaintiff in his replication assigned sufficient breaches to entitle him to a recovery in this action? He has not, it is true, averred and vouched the settlement or closing of the trustee accounts and the certificates and indorsements of credits, according to the stipulations in the condition; but he has averred that which, if true, not only constitutes a sufficient excuse for the failure, but demonstrates what is equivalent to a legal impossibility for him to do so, which wholly supersedes and renders immaterial, irrelevant and inapplicable those stipulations. He avers that which shows the trustees had no account to settle and clear, could pay nothing, and consequently could make and render no certificate of credits and deficiencies. After setting out the condition in extenso in the replication, he avers, “that no money or effects ever came to the hands of the said Gustavus Ducke, ffm. J. Cole and Robert Douthat, or either of them, out of which they could or might lawfully have paid the said sum of $271 42 in the said condition of the said writing obligatory mentioned, or any part thereof, and that the said Gustavus Duke, Wm. J. Cole and Robert Douthat did not, nor did either of them, at any time since the signing, sealing and delivery of the said writing obligatory in. the declaration mentioned, pay any portion of the said sum of $271 42 in the said condition aforesaid of the said writing obligatory mentioned, to the said plaintiff, or to-the said Nathaniel Thompson, jr. ” If this averment be true, it seems to me to follow, as a necessary consequence, that he has good cause of action on the *bond. If untrue, all the defendant had to do was to take issue upon it, and if proved untrue, its falsity put the plaintiff out of court; and then, • perhaps, a court of equity would have been his proper, if not last, resort to compel a settlement of the trustees’ accounts, if not precluded by limitations or lapse of time. Their certificates and indorsements of credits and deficiency he never could obtain, if I am right in supposing the trustees are all dead; but a court of equity would doubtless either regard them as immaterial or relieve against the consequences, of the death of the trustees.
I am, therefore, for affirming .the judgment.
FIELD, P.
Philip M. Thompson, administrator de bonis non of Garland Thompson, dec’d, assignee of Nathaniel Thompson, instituted a suit against Joseph Mayo, adm’r of Thomas H. Mitchell, dec’d. The-declaration claims a debt of $542 84, due by-writing obligatory, under seal. The defendant demurred to the declaration. The court below overruled the demurrer. On a former day of the term, this court being of opinion that the demurrer to the declaration should have been sustained, reversed, the judgment and remanded the cause.. The order not being such as either party desired, it was set aside by consent of parties, and comes on to be heard again, the-parties, by their respective counsel, submitting to the consideration of the court their views in writing on the questions in-the record. In the note filed by the counsel of Mayo, all objections to the errors in the declaration have been waived. All objections to the declaration being waived, how does the case now appear on the record?
The declaration demands a debt of $542 84, due by obligation, tinder seal. The plea is, that “the intestate of the defendant, in his lifetime, paid the debt in the declaration mentioned, and that the said defendant had also paid the debt.” To this plea a general replication was filed, and issue taken thereon. But this replication and the-rejoinder thereto were withdrawn) "by agreement between the parties.. *801 The plaintiff then filed a special replication. He took oyer of the writing obligatory and the condition thereto annexed, from which it appeared that the obligation might be discharged by the payment of $271 42, with interest from the 1st of July, 1818, at the times and mode therein prescribed; and the plaintiff said in his replication, that “the said defendant did not pay any portion thereof on the days and at the periods specified in the said condition of the said writing obligatory, or at any other time, and hath not yet paid the same, or any part thereof, as he, the said defendant, hath in his said plea in that behalf alleged, and this he prays may be enquired of by the country.” To this replication the defendant filed a general demurrer. I deem it unnecessary to say anything in this case, except in reference to one question raised by this demurrer, omitting also to notice any ground of special demurrer to the replication, or an objection that might be taken to the replication in not containing all proper aver-ments; for it may well be doubted whether the word “effects” means choses in action. As I understand it, there are five essential qualities of a replication :
1. It must answer so much of the plea as it professes to answer.
2. It must be conformable to and not depart from the count.
3. It must present matter of estoppel; or, must traverse or confess and avoid the plea.
4. It must be certain.
5. It must be single.
The replication, in this case, does not contain either the first, second or third essential qualities of a replication.
1st. The defendant pleaded that the debt in the declaration mentioned had been paid. The replication does not respond to this allegation.
2nd. The replication should be conformable to the count, and not depart from it. The plaintiff counts for *$542 84 on a writing obligatory. The replication departs from this, and counts for $271 42, with interest, on the condition of the bond.
3. It does not traverse the plea, nor does it confess it, or rely on an estoppel. It departs entirely from both the count and the plea; introduces no new matter to support the claim to the debt in the declaration mentioned, but departs therefrom entirely; has recourse to the condition of the bond, and seeks to recover the money and interest specified in the condition, and actually recovers judgment for the same against the defendant. That this is a departure in pleading, is clearly shown by 1 Chitty’s Pleading, 644; Richards et al. v. Hodges, 2 Sanders’ Reports, 83, note (1,) and cases of Cossens v. Cossens and Hickman v. Walker, referred to in the note, and Reed v. Hanna’s ex’or, 3 Rand. 56.
The case of Reed v. Hanna’s ex’or is an express authority in point. It was a suit brought on an injunction bond, for the penalty of the bond, not noticing the condition of the bond. The defendant pleaded that he had paid the debt in the declaration mentioned, which was the penalty of the bond. The plaintiff replied, that the defendant did not pay the amount of the judgment enjoined, with interest thereon and damages and costs. This replication was held to be a departure. If there be a material difference between the cases of Reed v. Hanna’s ex’or and the case now under consideration, I cannot perceive it. The judgment in Reed v. Hanna’s ex’or was reversed and all the proceedings subsequent to the plea set aside. A like disposition of the pleadings -was made in the case of Green v. Bailey, 5 Munf. 246, and a re-pleader awarded.
I am, therefore, of opinion, that the circuit court should not have overruled the demurrer and rendered judgment against the defendant, on this defective replication, and am for reversing the judgment and awarding a re-pleader, not only in conformity with the principle acted upon in Green v. Bailey, but with what, I *am well assured, would be the course pursued by the present Supreme Court of Appeals of Virginia in a similar case.
TYLER, J., and CLOPTON, J., concurred with FIELD, P.
JUDGMENT.
This day came the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the argument of counsel, and all errors in the declaration being waived by the plaintiff in error, is of opinion that the Circuit Superior Court of Law and Chancery of the county of Henrico and city of Richmond erred in overruling the demurrer of the plaintiff in error, to the special replication of the defendant in error. Therefore, it is considered by the court, without intending to express any opinion upon any other alleged error in the said record, that the said judgment be reversed and annulled, and that the said plaintiff recover against the said defendant, who is an administrator, to be paid out of the estate of his intestate in his hands to be administered, his costs by him expended in prosecuting his writ of super-sedeas aforesaid here. And it is ordered that the cause be remanded to the Circuit Court of Henrico county, with directions to that court to allow the parties to amend their pleadings, if they should desire to do so; but if the defendant in error should decline or refuse to withdraw the replication above referred to, the said circuit court is directed to sustain the demurrer and render judgment in favor of the plaintiff in error.
Judgment reversed.