Moncure, P.
delivered the opinion of the court. After stating the case, he proceeded :
That this case should have been decided as it was, both by the County and Circuit courts, must, at the first view of it, strike the mind with some surprise. That the defendants should have a right to set-off in the action, a judgment assigned to one of them, and he the principal debtor, against the plaintiff, would seem to be just and reasonable. To be sure, there would formerly have been a technical objection to such right of set-off, arising from a want of mutuality, which was always necessary to the existence of the right; the set-off being a claim of one of several defendants against the plaintiff, whereas the claim for which the action was brought, is a claim of the plaintiff against all the defendants. But such an objection, so far as it could apply to this case, has been completely removed by statute; it being provided by the Code of 1849, chapter 172, section 4, that “ although the claim of the plaintiff be jointly against several persons, and,the set-off is of a debt, not to all but only to a part of them, this section (being the one which gives the right of set-off), shall extend to such set-off, if it appear that the persons against whom such claim is, stand in the relation of principal and surety, and the person entitled to the set-off is the principal.”
Now that is precisely the case here, in regard to the want of mutuality, and therefore no objection on that ground can be sustained.
*604 The ground on which the objection taken to the set-this case was sustained, no doubt was, that the defendant, who claimed to be entitled to the benefit of the judgment sought to be set-off against the plaintiff’s claim, was only the equitable, and not the legal, owner of the judgment, and could not bring an action at law thereon in his own name.
Even under the statutes of set-off in England, it was held in the celebrated cases of Bottomley v. Brooke and Rudge v. Birch, cited in 1 T. R. 621-2, that a debt due from the equitable owner of the claim for which an action was brought in the name of the legal owner, might be set-off in such action. See Winch v. Keiley, Id. 619. These cases, it is true, were afterwards questioned, and at length overruled, by the courts of that country. See the cases cited and commented on in 5 Rob. Pr. p. 98-0. But this course of decision in England, in regard to the cases of Bottomley v. Brooke and Rudge v. Birch, is due entirely to the peculiar phraseology of the statutes of set-off existing there; as plainly appears from the recent case of Isbery v. Bowden, 8 Welsb., Hurl. & Gor. 852, decided by the court of Exchequer in 1853 ; in which the cases on the subject were reviewed and the judgment of the court delivered by Martin, B. after the case had been fully argued, and held under .advisement during a vacation. “ The statute (2 Geo. 2, c. 24, § 13), enacts,” said the court, “that where there are mutual debts between the plaintiff and the defendant, one debt may be set against the other. This is the whole enactment, as applicable to the present case, and upon its true construction the question depends. If the words of the statute had been, that where there were ‘ mutual debts,’ the- one might be set against the other, the argument of Mr. Mellish (counsel for the defendants), would have had more weight; but those are not the only words, for the debts are to be, mutual debts between the plaintiff and the defendant, and there is.no *605 debt here due from the plaintiff at all; and except the words, 4 between the plaintiff and the defendant,’ can be excluded, the plea cannot be maintained.” After reviewing the cases cited by counsel, the court further said: 44 In this case the party whom the defendant agreed to pay was the plaintiff, but the plaintiff was not the party who agreed to pay the defendant the debt sought to be set-off; and we think that, looking at the . plain words of the statute, we best give effect to the true rule now adopted by all the courts at Westminster, for its construction, by holding that, inasmuch as the debts are not mutual debts between the plaintiff and the defendant, the one cannot be a set-off against the other. This is acting upon the rule as to giving effect to all the words of the statute, a rule universally applicable to all writings, and which, we think, ought not to be departed from, except upon very clear aud strong grounds, which do not, in our opinion, exist in this case.” •
Now, the language of our statute of set-off is very different from that of the English. We have seen what that of the latter is: 44 Where there are mutual debts between the plaintiff and defendant, &c., one debt may be set against the other,” &c.. The language of our statute is : 44 In a suit for any debt, the defendant may at the trial, prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff" notice of its nature, but not otherwise.” Code, ch. 172, § 4. Nothing is there said about 44 mutual debts between the plaintiff and defendant,” as iu the English statute. In Allen, &c. v. Hart, 18 Gratt. 722, this court had occasion to notice the material difference between the statutes of the two countries, and the different constructions which had been put upon ours; and the court, in conclusion upon this subject, said: 44This course of decision in this State shows, that the statute of set-off has been liberally construed, with a view to the further *606 anee of its obvious policy, which is to prevent multiplicity of suits, and as far as conveniently can be done, to effectuate in one action complete j ustice ■ between the parties.” Id. 729. Our courts, in this respect as well as others, look to the real, and not the nominal parties to the suit. In Pates v. St. Clair, 11 Gratt. 22, this subject is fully noticed by the court. And by the Code', ch. 185, § 9, p. 768, it is provided that “ when the suit is in the name of one person for the benefit of any other, if there be judgment-for the defendant’s costs, it shall be against such other.” It thus appears to be the tendency, as well of our Legislature as of our courts, to regard the real, rather than the nominal parties to the suit. That it is the policy of our Legislature to give courts of law cognizance of equitable defences, and thus to prevent multiplicity of suits, is further illustrated by sections 5 and 6 of the chapter 172, concerning “ payment and set-off,” in the Code, page 716.
In the courts of the other States of our Union the course of decision in England, in regard to the statute of set-off, may generally be followed ; but in none of them, perhaps, in all respects. In some of them Bottomley v. Brooke and Rudge v. Birch have been regarded, as in England, to be incorrect decisions. In others, those decisions have been recognized as sound, and the principle of them has been followed: as in Kentucky in Long v. Carlyle, 1 A. K. Marsh. R. 401; Ward v. Martin, 3 T. B. Monr. R. 18. So also the Supreme court of the United States in Winchester v. Hachley, 2 Cranch’s R. 342, Chief Justice Marshall, delivering the opinion of the court, held that a creditor upon open account, who has assigned his claim to a third person with the assent of the debtor, is still competent to maintain an action at law in his own name against the debtor for the use of the assignee ; but the debtor is allowed to offset his claim against the assignee. The diversity in the *607 decisions of the courts of the different States on this subject, no doubt, arises from the diversity in the language of their respective statutes of set-off, most of which probably conform substantially, if not literally, to the English statute; and therefore, the construction put upon the latter by the English courts has been generally put upon similar statutes in this country by the American courts. But this remark does not apply to our statute, which, as we have seen, is materially variant from the English. Our statute on the subject has, we believe, been substantially the same, so far as this case is concerned, ever since the first statute on the subject was enacted in the colony of Virginia—at all events, since the act of 1705, which was before there was any statute of set-off’in England. In regard to this whole subject, we refer to 5 Rob. Pr. pp. 955, 1012, where all or most of the cases are collected.
"We are, therefore, of opinion that the testimony offered by the defendants in the court below, as mentioned in their first bill of exceptions, did tend to prove a set-off, which they were entitled to have allowed them; that the said court erred in sustaining the objection of the plaintiff’ to the said testimony, and in refusing to permit the said defendants to introduce ¡the same; and that the judgment be reversed, the verdict of the jury set aside, and the cause remanded to the said court for a new trial to be had therein ; on which new trial the said testimony, if again offered, is to be received.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the said judgment is erroneous. Therefore, it is considered that the same be reversed and annulled, and that the plaintiffs recover against the defendant in error their costs by them expended in the prosecution of their writ of supersedeas *608 aforesaid here. And it is ordered that the verdict of the jury be set aside, and the cause remanded to the said Circuit court for a new trial to be had. therein; on which new trial the testimony offered by the defendants in the said court on the former' trial, as mentioned in their first bill of exceptions, if again offered, is to be received. Which is ordered to be certified to the said Circuit court of Rockingham county.