# Charlestown.

## The B. & O. R. R. Co. *v.* John C. Bitner *et al.*

Decided August 23, 1879.

1879
August Term.

B. J. and M. execute their joint and several bond to the plaintiff with a condition reciting that B. was agent of plaintiff, and that if he should waste or misapply the funds of the plaintiff which came into his hands as such agent, &c., then the obligors in the bond should recompense the plaintiff for losses so arising, then the obligaion was to be void. or else remain in full force. The plaintiff sued all the obligors in this bond in an action of debt setting forth in his declaration only the obligatory part of the bond and taking no notice of the condition. The defendants pleaded conditions performed and set-off, without craving oyer of the bond, or writing out his plea of set-off, or filing with it any bill of particulars. The plaintiff replied generally to these pleas, and at a subsequent term withdrew his general replication to the plea of conditions performed ; and leave was given him to file a special replication, which was done, and the defendants demurred thereto, and the court sustained the demurrer, but failed to hold, as it should have done, that the plea of conditions performed without craving oyer of the bond was improper, and instead of striking it from the record, as it should have done, gave the plaintiff leave to file another special replication thereto. This the plaintiff did, setting forth in it the condition of the bond and its breach by the principal in the bond in not paying over moneys collected by the principal in the bond as the plaintiff's agent. The record states that to this special replication the defendants pleaded the general issue which this court construes as meaning they filed a general rejoinder. The defendants also offered another plea of set-off, not written out, but filed with it a bill of particulars for services rendered by B. as agent for for the plaintiff, though not stating on the face of the bill of particulars that the defendant B. was the principal in the bond.

1879
August Term.

B. & O. R. R. Co.
v.
Bitner et al.

The court refused to permit this plea of set-off to be filed, and on the trial refused to permit proof of these services, and on the plea of conditions performed entered up judgment for the plaintiff. HELD:

That this judgment and all the pleadings and proceedings subsequent to the declaration must be set aside, and a repleader awarded, and leave given to the plaintiff to amend his declaration if it thinks proper, so as to set forth the bond and its conditions in the declaration, and allege therein the breaches of the conditions; this being regarded as the preferable mode of declaring on such a bond.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jefferson, rendered on the 21st day of April, 1877, in an action at law in said court then pending, wherein The Baltimore and Ohio Railroad Company was plaintiff and John C. Bitner and others were defendants, allowed upon the petition of said Bitner.

Hon. John Blair Hoge, judge of the third judicial circuit, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case :

This was an action of debt brought in the circuit court of Jefferson county by the plaintiff against the defendants on an obligation under seal, whereby the defendants bound themselves jointly and severally to pay to the plaintiff $3,000.00, and dated February 22, 1873, which bond was conditioned, that if John C. Bitner, the plaintiff's agent at Kearneysville, should not faithfully perform his duties as such agent, so that the plaintiff should suffer no damage on account of any act of omission or commission, and without wasting, spending, misapplying or unlawfully making away with money or property of the plaintiff which might come into his hands as such agent, then if the obligors in the bond, or either of them, should make due and sufficient recompense to the plaintiff for such loss, the obligation was to be void, or else to

be in full force. The declaration was filed at February rules, 1876, and was on the obligatory part of the bond, no notice being taken of there being any conditions attached to the bond. No profert of the bond was made.

At the April term, 1876, the defendants, without craving oyer of the bond in the declaration mentioned, pleaded conditions performed and also set-off; and the plaintiff replied generally to these pleas; and issue was joined on them. At the October term of said court the plaintiff withdrew its general replication to the defendants' plea of conditions performed, and without withdrawing its general replication to the plea of set-off demurred thereto. The plaintiff then filed a special replication to the defendants' plea of conditions performed, to which the defendants demurred, and the courts ustained the demurrer to this special replication; and the plaintiff by the leave of the court then filed another special replication to the defendants' plea of conditions performed. This special replication sets forth the bond sued on and its conditions, and as the breach of the condition alleges that the principal in the bond, John C. Bitner, while acting as the plaintiff's agent, received, as such, divers sums of money amounting to $————, which he ought to have paid over to the plaintiff, but which neither he nor his securities, Jacob J. Miller nor James Logie, had paid; and it concludes with a verification.

At the next term of the court the record says: "The defendant pleaded the general issue to this special replication;" and at the same time, on the 11th day of April, 1875, the demurrer to the plea of set-off was sustained; and it is said that the defendants, by their counsel, excepted to to this ruling of the court, but no bill of exceptions to this ruling was signed by the judge. Two years afterwards, on April 21, 1877, the parties waived a trial by jury and submitted the case to the court for decision; and the court heard the evidence and assessed the plaintiff's damages at $168.17, and gave judgment against the de-

fendants for the debt in the declaration mentioned, to be discharged by the payment of $168.17 with interest from April 21, 1877, till paid, and costs.

The record states that two bills of exceptions were filed in the case—one of these bills states that "the defendant offered to file a plea of setoff and presented therewith his bill of off-sets as follows: 'April 7, 1877, to amount due for services of John C. Bitner, rendered by him as depot agent of the plaintiff at Kearneysville station on said road at request of the plaintiff, from April 1, 1874, to the 15th of July, 1875, $1,900.00.' To the filing of which plea the plaintiff objected and moved the court to reject this plea, which motion the court sustained." It does not appear upon the record, at what day this motion was made and bill of exceptions taken ; but it may be inferred from the bill of particulars being dated April 7, 1877, that this occurred at the term of the court at which a final judgment was rendered in the case, that is the April term, 1877, and some two years after the demurrer to the first filing of set-off was sustained. The second bill of exceptions states the evidence offered by the plaintiff to prove his case, and which evidence proved the plaintiff's case and justified the judgment entered by the court. The defendant offered to prove the services of John C. Bitner as agent of the plaintiff, as set forth in the above bill of particulars, to which the plaintiff objected, and the court refused to receive this evidence, and defendants excepted.

To the judgment of the court in this case the defendants have obtained a writ of error and *supersedeas*.

*Daniel B. Lucas* for plaintiffs in error, relied on :

Code of W. Va. p. 609 §4 ; 18 Gratt. 722 ; 13 W. Va. 833.

*C. Boggess*, for defendant in error, made the same points and cited the same authorities as in *The B. & O. R. R. Co.* v. *H. Bitner*, *supra*.

·GREEN, PRESIDENT, delivered the opinion of the Court.

The pleadings in the case are, as the record has been made up, in such a state of confusion as to render it almost impossible to say what they really were in the circuit court. The declaration is similar to that filed in the case of *The Baltimore and Ohio Railroad Co.* v. *Henry Bitner, supra*. And as held in that case, it must upon the authorities be held to be sufficient, though the better mode of declaring on a bond with conditions is to set forth the bond and its conditions and allege the breaches of the conditions in the declaration. The great inferiority of the mode of declaring on a conditional bond adopted by the plaintiff in this case, is well illustrated in this case. Suppose the bond had been given by a defendant with a condition to build a house in a specified manner, and the real cause of the action was that the defendant had not built the house in the specified manner; if the declaration in such a case had set forth the bond and its conditions and alleged the breach of the conditions, it is clear from the principles laid down in *The Baltimore and Ohio Railroad Co.* v. *Jameson*, 13 W. Va. 833, that the defendant could not plead a debt due from the plaintiff to him as an offset; but if the plaintiff in his declaration set forth only the obligatory part of the bond whereby the defendant binds himself to pay to the plaintiff a specific sum of money, it is difficult to see how the defendant could be prevented from putting in a plea of set-off, if he did not crave oyer of the bond, for to the court it would appear as if the plaintiff's action was based on a single bill and not on a conditional bond. I do not mean to say that means could not be suggested whereby the plaintiff might get rid of the plea of set-off in such a case, after it was filed; but the filing of such a plea in such a case would delay and embarrass the plaintiff. Many other difficulties might be shown as likely to arise from declaring on a conditional bond in the manner in which it has been done in this case; but the authori-

ties show that the plaintiff may, if he choose, declare in this manner, and there was therefore no error in this declaration.

The defendants pleaded at the first term to this declaration, without craving oyer of the bond, conditions performed and set-off, to which pleas the plaintiff replied generally. The court ought not to have permitted the first of these pleas to be filed. It was entirely meaningless. The declaration was on a bond which, as stated in the declaration, was a single bill without conditions. If the defendants had craved oyer of the bond, thereby making it a part of the declaration, they might then have pleaded conditions performed ; but having failed to crave oyer of the bond, the court ought not to have permitted them to plead conditions performed, such plea without the bond being read being meaningless. The plaintiff, instead of objecting to the filing of such plea without oyer or demurring to it when filed, replied to it generally ; and issue was joined. Even if oyer had been craved of the bond and the plea of conditions performed then been pleaded, as it might properly have been, then the defendants would have erred fatally in replying generally to this plea. This was expressly decided in *Green* v. *Bailey*, 5 Munf. 246. In that case this error was committed ; and after a verdict judgment was arrested, because of this error. The proper course was to have filed a special replication setting forth the breaches of the conditions. The plaintiff's counsel in this case, after replying generally to this plea of conditions performed, seems to have discovered that he had committed a fatal error, and at another term of the court he withdrew this replication, and filed a special replication. But he again erred in filing a special replication to this plea of conditions performed. He should have demurred to this plea. For as the plea had been filed without craving oyer of the bond, and as its being a conditional bond, was not stated in the declaration, this plea of conditions performed was entirely meaningless ; and

the plaintiff's counsel ought to have demurred to it. The defendants' counsel demurred to this special replication, as the record shows; and the court sustained the demurrer, and gave the plaintiff leave to file another special replication to this plea of conditions performed. In this the court erred. On this demurrer being filed, it was the duty of the court to review all the preceding pleadings, and set aside the first erroneous pleading and and all pleadings subsequent thereto. And the plea of conditions performed having been filed without the bond sued on having been set forth or oyer of it craved, and the special replication also failing to set it forth, the court ought, on the demurrer to it, to have gone back and declared the plea of conditions performed bad, and stricken it from the record. Instead of so doing it granted leave to the plaintiff to file a special replication to it, and then tried the issue thus made on a special replication which the court ought not to have permitted to be filed.

The other pleadings in the case are equally erroneous. In addition to the plea of conditions performed the defendants pleaded offsets at the first term of the court after the declaration was filed. No plea is copied in the record, and no bill of set-off was filed so far as the record shows. As the declaration had stated simply the obligatory part of the bond, and it did not appear to have any conditions annexed to it, there can be no doubt, the defendants could have pleaded as an offset to the debt due to all of them by the plaintiff, or they could have pleaded a debt due to one of them, if the plea had alleged that the one, to whom such debt was due from the plaintiff, was the principal in the bond, or they might have pleaded orally offsets, had they filed with their plea a bill of particulars of offsets which on its face claimed the debt offset to be due to all of the defendants or to one of them, and that this one was the principal in the bond. See *The Baltimore & Ohio Railroad Co.* v. *Henry Bitner*, *supra*, and *Choen* v. *Guthrie et al.*, 15 W. Va. 100. But

1879
August Term.

B. & O. R. R. Co.
v.
Bitner *et al.*

the oral plea of set-off, unaccompanied by any bill of particulars showing its character, ought to have been objected to by the plaintiff's counsel; but instead of doing so he took issue upon it. I have said this plea of set-off was unaccompanied by any bill of particulars, for the bill of particulars set forth in the bill of exceptions to the refusal of the court to permit a plea of set-off to be filed can not have been the bill of particulars which accompanied the plea of set-off filed; for this plea was filed April 13, 1876, and this bill of particulars is dated April 7, 1877, nearly a year afterwards; but if it had been, the court ought still to have rejected this plea of set-off, if the plaintiff's counsel had objected to its being filed, as the offset is of a debt due to one of the defendants, John C. Bitner, and neither the declaration nor the bill of offsets showed that he was principal in the bond, and no *oyer* of the bond had been prayed. See *Choen* v. *Guthrie et al.*, 15 W. Va. 100.

At a subsequent term of the court the plaintiff, without withdrawing his general replication to the plea of set-off and without the leave of the court, filed a demurrer to the plea of set-off; and the court sustained the demurrer, and tried the case on the issue made upon the plea of conditions performed, taking no notice of the issue made upon the plea of set-off at a former term, and which had never been set aside. This was all irregular. By the common law it was not allowable to plead and demur to the same matter at the same time. See Stephens on Pleading 278. But the 20th section of ch. 125 of Code of West Virginia, p. 602, modifies this rule. It provides: "That a defendant in an action or suit may plead as many matters of *law or fact* as he shall think necessary. To any special plea pleaded by a defendant the plaintiff may plead as many replications as he may deem necessary." By the first clause the defendant is permitted to plead and demur at the same time, but by the second clause, while the plaintiff is permitted without the leave of the court to file as many replications to the defendant's plea as he

1879
August Term.

B. & O. R. R. Co.
v.
Bitner *et al.*

chooses, he is not permitted to demur at the same time to the plaintiff's plea in violation of the common law rule; for by a replication is meant the pleading of a matter of fact; and while the defendant is permitted to plead matters of law or fact to the declaration, that is, to plead and demur at the same time, the plaintiff's replications, if more than one be filed, must all be replications proper, that is, pleadings of fact, as the permission to plead double does not extend, as in the case of the defendant, to matters of law. Thus the statute of Anne, which authorized the pleading of *several pleas*, was construed not to authorize the filing of a plea and demurrer at the same time. See Stephens on Pleading, p. 279.

But the defendants could not have suffered by this irregularity of the court, in permitting the demurrer to plea of set-off to be filed while an issue had been joined on this plea, for the 4th section of our statute of set-off, ch. 126, p. 609 provides, that in order that a defendant may at the trial prove any set-off " it must be so described in the plea, or in an account filed therewith, as to give the plaintiff notice of its nature." No description of the offset was given in the plea and no account was filed with it, so that though the plaintiff replied to it generally and issue was joined, the defendant could offer no proof to sustain this plea, and the case stood at the trial precisely as if the plea had not been filed.

What ought this Court to do in this state of the record ? The record states that the defendants pleaded the general issue to the plaintiff's special replication setting forth the condition of the bond and assigning breaches of it. This entry we consider equivalent to saying that the defendants rejoined generally to this replication. See *The Baltimore and Ohio Railroad Co.* v. *H. Bitner, supra.* It is insisted by plaintiff's counsel that, as this replication set out the conditions of the bond and alleged the breaches of it, this put the pleadings in the condition they would have been if the defendant had craved oyer

1879
August Term.

B. & O. R. R.Co.
v
Bitner *et al.*

of the bond and made it thus a part of the declaration, or as if it had been set out in the declaration. This might perhaps have been the case, had not a previous replication been filed and demurred to, which made it the duty of the court to have stricken out the plea of conditions performed, and to have refused the plaintiff leave to file this second replication on which issue was taken. It seems to me, that as it was thus rendered the duty of the court not to permit the filing of this replication, the taking of issue upon it ought not to have been permitted, and the trial of such issue was erroneous, and the judgment based on it cannot be permitted to stand. But if the view of the plaintiff's counsel on this point was correct, still the judgment of the court must be set aside; for if, as the plaintiff's counsel insists, after the filing of this special replication the pleadings must be considered as though the bond and its conditions had been set forth in the declaration, then the court erred in rejecting the defendants' plea of set-off which was tendered after the filing of this replication. It is true that the record does not distinctly show when this plea of set-off was offered, still it shows enough to justify the conclusion that it was filed after the demurrer to the first plea of set-off was sustained and after the filing of this special replication, which occurred at the same time. This replication was filed at the April term, 1877, and as with this plea of set-off a bill of particulars was filed, dated April 7, 1877, it is obvious that this plea was filed at the April term, 1877, when the case was tried; and it must be presumed to have been filed after the demurrer to the first plea of set-off was sustained at the same term. If then we regard that the court should have held that, when this plea of set-off was offered, the pleadings were to be regarded as though the plaintiff had set forth in his declaration the bond and its condition and alleged breaches of it as in the replication, then on the authority of *The Baltimore and Ohio Railroad* v. *Jameson*, 13 W. Va. 833, this plea of set-off ought not to have been rejected. The bond in

that case was similar to the bond in this. It is true in that case the suit was brought against the principal in the bond only, while in this it was brought against the principal and all the sureties. But as the offset pleaded was an offset of the principal of a debt due him from the plaintiff, it could, under the 4th section of our statute of set-off, ch. 126 of Code of W. Va., p. 609, be as well pleaded in this suit as in a suit against the principal alone.

It is claimed, however, that this plea of set-off ought to be presumed by this Court as properly rejected; first, because the plea itself is not set out in the bill of exceptions; and secondly, because the bill of particulars is defective, as it shows that the offset is due to John C. Bitner, one of the defendants only, and he is not in the bill of offsets alleged to be the principal in the bond. The first of these reasons is insufficient, for the reasons stated in the opinion in the case of *The Baltimore & Ohio Railroad Co.* v. *H. Bitner, supra.* The second of these objections is based on the case of *Choen* v. *Guthrie, supra;* but this inference is not justified by that decision. It is true if the declaration, as in that case, had not shown on its face that John C. Bitner was the principal in the obligation sued upon, the bill of particulars of set-off must have shown this fact, or it would have been fatally defective. But if we assume that the bond and its conditions set forth in the replication are to be regarded as though set forth in the declaration, then, as the declaration on its face would show that John C. Bitner was principal in the bond, there could be no necessity for this fact to be repeated in the bill of set-off, and the plea should have been received, and also the proof offered to sustain it, which was rejected by the court. If, however, the bond and condition is not regarded as though set out in the declaration, then, for the reason that John C. Bitner was not in the bill of set-off stated to be the principal in the bond, on the authority of *Choen* v. *Guthrie et al., supra,* this plea of set-off ought to have been rejected,

*1879*
*August Term.*

B. & O. R. R. Co.
v.
Bitner *et al.*

as it was. But in that case the replication, which was received by the court and on which alone issue was made, ought to have been rejected, and the court ought not to have tried the issue made on a replication which the court ought not to have allowed to be filed.

In my opinion the court, when the first special replication was demurred to, ought to have gone back and corrected all the previous pleadings, and have struck from the record all the pleadings other than the declaration, and directed a repleader. It ought, too, to have given the plaintiff leave to amend his declaration ; for, though it was sufficient upon demurrer, yet, as we have seen, it was in a form well calculated to produce embarrassment in the pleadings and actions of the court, as well as delay. And having failed to do so, this Court ought now to award such repleader. This was the action o the Court of Appeals of Virginia in the case of *Green* v. *Bailey*, 5 Munf. 247 ; and this is the action we should take for the reasons stated in that case.

The judgment of the circuit court must therefore be reversed and annulled ; and the plaintiffs in error must recover of the defendant in error their costs in this Court expended ; and this Court proceeding to render such judgment as the court below ought to have rendered, doth set aside and annul all the pleadings and proceedings subsequent to the declaration ; and a repleader is awarded, and this cause is remanded to the circuit court of Jefferson county, with instructions to permit the plaintiff to amend its declaration in a reasonable time to be fixed by that court, if asked, and with instructions further to proceed with this case according to the principles laid down in this opinion, and further according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.   CAUSE REMANDED.