# Charlestown.

### THE B. & O. R. R. CO. *v.* H. BITNER.

#### Decided August 23, 1879.

1. In an action of debt against a security alone on a joint and several penal bond, conditioned that the principal would faithfully pay over certain moneys, which would be collected by him as agent of the plaintiff, the defendant can neither offset nor *recoup* a debt due to the principal by the plaintiff for services as such agent when receiving such money.

2. If a bill of offsets be tendered, and there accompanies it a bill of particulars showing the nature of the offsets claimed, and the court refuse to permit such plea to be filed, the court will regard the question whether such a plea of set-off, as this bill of particulars shows was relied upon, ought to have been permitted to be filed, though the bill of exceptions does not set forth the plea of set-off which was tendered.

3. A defendant craves *oyer* of a conditional bond, and pleads conditions performed; the plaintiff replies, and states the breaches of the condition, concluding the replication with a verification; the record then states that to this replication the defendant pleaded the general issue; and the jury was sworn to try the issue; and it appears that the evidence submitted to the jury was such evidence as would have been proper, if their had been a formal traverse of the replication and issue joined thereon. This Court will interpret the entry on the record-book as meaning that the defendant rejoined to the replication generally; and after verdict the issue must be held to have been sufficiently well made to sustain the verdict and judgment thereon.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jefferson rendered on the 21st day of April, 1879, in an action at law in said court then

pending wherein The Baltimore & Ohio Railroad Company was plaintiff and Henry Bitner was defendant, allowed upon the petition of said Bitner.

Hon. John Blair Hoge, judge of the third judicial circuit, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

This was an action of debt instituted in the circuit court of Jefferson county, by The Baltimore & Ohio Railroad Company v. Henry Bitner, the surety in an obligation under seal executed by John C. Bitner, as principal, and Henry Bitner, as surety, whereby the obligors bound themselves jointly and severally to pay to the obligee $3,000.00, which bond was conditioned that if John C. Bitner, the agent of the obligee at Kearneysville, should faithfully collect in cash all dues, fees and freight or passage money which should be chargeable by him on passengers or freight, and shall account for and pay over the whole sum thereof to the obligee, and should in all respects attend faithfully and diligently to all his duties, &c., then the bond was to be void, otherwise to remain in full force. The declaration filed at February rules, 1876, was on the obligatory part of the bond, no notice being taken of their being any conditions attached to the bond. No profert of the bond was made. At the April term, 1876, the defendant craved *oyer* of the writing obligatory in the declaration mentioned, and pleaded conditions performed; and the plaintiff replied specially, in which replication he set forth as the breach of the condition of said bond, that the principal in this bond at specified times, while acting as agent at Kearneysville of the plaintiff, received divers sums of money belonging to the plaintiff on account of sales of tickets and receipts for freight amounting to the sum of $445.68, which he ought to have accounted for to the plaintiff; but neither he nor his surety, the defendant, had accounted there-

for or paid over the same, the replication concluding with a verification. This replication was demurred to; and the demurrer overruled. And at the April term, 1877, the record states that the defendant "pleaded the general issue to this special replication of the plaintiff" meaning I presume by this entry that he rejoined generally to this special replication. He also offered to file a plea of set-off, to which the plaintiff objected, and the court refused to permit the plea of set-off to be filed, and the defendant took a bill of exceptions, which states "that the defendant offered to file a plea of set-off and presented therewith his bill of offsets as follows: "1877, April 7th, To amount due John C. Bitner, the principal in the bond, for services rendered by him as depot-agent at Kearneysville from April 1, 1874, to July 15, 1875, $1,900.00." And at same term of the court the parties waived a jury and submitted the case to the court who rendered judgment for the plaintiff on the evidence for $1,487.92, with interest from April 25, 1877, till paid and costs. At the trial of the case the plaintiff proved the case as set forth in his declaration and replication; and the defendant offered to prove the services of, the principal in said bond, John C. Bitner, as stated in his bill of set-off, which the court refused to allow to be proven; and the defendant excepted to this action of the court.

From this judgment of the court the defendant has obtained a writ of error and *supersedeas* from this writ.

*Daniel B. Lucas*, for plaintiff in error, cited:

Code p. 609, §4; 18 Gratt. 722.

*C. Boggess*, for defendant in error.

First.—The record of the case does not disclose any such question before the court as that stated by the petition, viz: Whether in an action on a bond with collateral condition, a plea of set-off can be received. Nor does it show that any such question was decided by the

court or even raised in the progress of the cause.

A plea of set-off was offered by the defendant, which was objected to by the plaintiff, and the objection sustained.

The grounds of the plaintiff's objections do not appear, neither does the reason for which the court refused to permit the plea to be filed.

It is immaterial for what reason the court rejected the plea. The only question here is: Was the action of the court correct? *Shrewsbury* v. *Miller*, 10 W. Va.

The judgment of a court of competent jurisdiction is presumed to be correct, and will not be reversed by an Appellate Court, unless it affirmatively appears from the record to be erroneous. 10 Gratt. 1; 8 W. Va. 245; 1 Call 495; 4 Rand. 189.

Second.—It does not appear from the record that the plea referred to in the defendant's first bill of exceptions was a good plea, and hence it cannot be said that the court below erred in rejecting it.

. The defendant did not ask to make it a part of the record by setting it out in the bill of exceptions.

Even had it been copied into the record by the clerk, which is not done, it would be no part of the record to be looked to by this Court. 9 Leigh 397.

Third—The court did not err in excluding the evidence referred to in defendant's second bill of exceptions.

The evidence was not relevant to the issue. There was no plea of set-off or payment, or other plea filed by the defendant, under which he might have proved a money-claim due from the plaintiff to him, much less could he show one due to a stranger, as was attempted. *Choen* v. *Guthrie*, 15 W. Va. 100.

The issue which was submitted to the court was whether the conditions of the bond had been broken, as stated in the plaintiff's replication, or whether the defendant had kept and performed them. No other defense was pleaded by the defendant, and to this was he properly restricted in his proof.

GREEN, PRESIDENT, delivered the opinion of the Court:

Under the statute of 8 & 9 W. III., ch. 11, §8 ; 1 R. C. 1819, p. 509, §82 ; Code of Va. 1860, ch. 177, §17 ; Code of W. Va. ch. 131, §17, p. 627, there are two ways of declaring on a bond with collateral conditions. One is simply to declare on the obligation without setting forth the conditions. If this is done, the declaration will be good, till the defendant takes *oyer* of the obligation and thereby makes the conditions a part of the declaration If after such *oyer* the defendant pleads conditions performed, as in this case, the plaintiff ought not to reply generally. But to sustain his declaration, the plaintiff must in such case by a replication allege a breach of the conditions. See *Green* v. *Bailey,* 5 Munf. 246. The better mode however of pleading in such a case is to set out in the declaration the conditions of the obligation, and assign the breaches of it, as was done in *Allison* v. *Burk,* 6 Rand. 227. The first was the mode of pleading adopted in the case before us for consideration. The counsel for the plaintiff in error does not point out any errors in the special replication of the plaintiff assigning the breach of the conditions of the bond sued upon ; and the declaration has in it no defect which can be now taken advantage of by demurrer ; for the failure to make *profert* of of the obligation sued on cannot, under our statutes, be taken advantage of by demurrer. See Code of W. Va., ch. 128, §33, p. 603. The court therefore did not err in overruling the demurrer to the special replication.

It is claimed by the counsel for the plaintiff in error that no issue was joined on this special replication. The record says " The defendant pleaded the general issue to the special replication." This is very inartificial language ; but I can only understand from it that the plaintiff " rejoined generally" to this special replication. This seems to be the meaning of this entry, as understood by the parties in the circuit court, for the case was tried as though there had

been a traverse of this special replication and issue joined thereon, as distinctly appears from the evidence on the trial all of which is certified on the record. It is too late now to treat this entry as meaningless. We must give it the meaning which the court and parties attached to it in the circuit court and as equivalent to saying that the defendant rejoined generally to this special replication; and if so understood, issue was joined on this special replication. For such general rejoinder would be a traverse of the matters alledged in the special replication concluding\ to the country; and the *similiter* could be added by the clerk, and if not added after verdict, the informality would be cured by the statute of *jeofails*. Regarding this entry in the record as the equivalent of an entry that a general rejoinder was filed, it is unnecessary to consider whether, if the entry "that the defendant rejoined generally to the plaintiff's special replication" had not been made, the issue would after verdict have been held to have been sufficiently joined upon the principles laid down in the case of *Southside Railroad Co.* v. *Daniel*, 20 Gratt. 344.

Neither did the court err in refusing to permit the defendant to file his plea of set-off. The counsel for defendant in error insists, that as the plea of set-off is not set forth at length in the bill of exceptions, this court is bound to assume that it was a defective plea, and that the court did not err in refusing to permit it to be filed. We do not think that the failure to copy the plea of set-off offered in the bill of exceptions precludes us from considering whether the plea should in this case have been admitted. The character of the plea abundantly appears from the bill of particulars filed with it, which is: "1877, April 7, To amount due John C. Bitner, the principal in the bond in the declaration and replication mentioned, &c." General pleas, such as not guilty, *non assumpsit*, conditions performed, &c. are in our practice constantly pleaded orally, and a note only of their being filed is

1879
August Term.

B.& O. R.R. Co
v.
Bitner.

made on the record, such pleas being very rarely written out. This court, as well as the Court of Appeals of Virginia, constantly hold this mode of filing such pleas is sufficient. If such a plea was rejected by a court, it would be no more necessary to set it forth at length in the bill of exceptions, than it is necessary to write it out when it is filed. The plea of payment and set-off are among the pleas which are thus habitually pleaded orally ; and the bill of particulars, which the statute requires to be filed with them, shows the real character and amount of the payments and sets-off. And as the bill of exceptions shows the bill of particulars of sets-off filed with the plea, this court will assume, just as it would had it been noted without being written out, that it was formally drawn claiming the offsets named in the bill of particulars of offsets filed with it.

But even when so regarding it, we think the court did not err in rejecting this plea of set-off. It is true this Court did decide in the case of *B. & O. Railroad Co.,* v. *Jameson,* 13 W. Va. 83?, that in a suit of this character on a bond, like the one sued on in this case, the principal in the bond when sued could plead as a set-off his services rendered as an agent of the plaintiff. But this by no means establishes that the surety, when sued alone on a joint and several obligation, can plead as a set-off any demand due from the plaintiff to a person not a party to the suit, even though that person stands in the relation of principal to the defendant as a surety. When two parties execute a joint and several obligation to a third person, he may at his option treat it as a joint obligation and sue them both, or he may treat it as a several obligation and sue only one of them. If he chooses to treat it as a joint obligation and sue both the obligors, though the declaration may show that it is a joint and several obligation, still as he has elected to treat it as a joint obligation, the parties to the suit, plaintiff and defendants, are subjected at common law to all the consequences flowing from the settled rules of

the common law governing *joint* actions. See *Moffett* v. *Bickle*, 21 Gratt. 282; *Taylor* v. *Beck*, 3 Rand. 316, and they are still subjected to these consequences except so far as it has been modified by statute law. See *Choen* v. *Guthrie et al*, 15 W. Va. 100. So when· the obligee in a joint and several bond chooses, as he may, to treat the obligation as several, and sues only one of the obligors, the parties to such suit, both plaintiff and defendant, must be subjected to all the consequences flowing from the rules of the common law governing a *several* action. And among these consequences is of course the exclusion of any defense which would belong only to an obligee in the contract who had not been sued, unless in some particular case a statute might give to the defendant sued a right to make such defense as the obligee not sued might make. It is difficult to conceive a case in which it would be right for the Legislature to confer on the party sued a right to make such defense as a third party might have made, had the plaintiff thought proper to have sued him jointly with the defendant. Without saying whether any case could arise where such act of the Legislature would be proper, it is obvious, I think, that sets-off are not such a case ; and the Legislature has not authorized a defendant, who is sued on a bond which the plaintiff has elected to treat as his several bond, to plead a set-off due to an obligor, though such co-obligor be the principal in the obligation and the bond be joint as well as several.

Our statute of set-off (see 4th section of chapter 126 of our Code p. 609) provides that "although the claim of the plaintiff be jointly against several persons, and the set-off is a debt not to all, but only to a part of them, this section shall extend to such set-off, if it appear that the persons, against whom such claim is, stand in the relation of principal and surety and the person entitled to the set-off is the principal." This statute can, it seems to me, obviously have no reference to such a case as is presented by this record. It applies obviously only to

the case, where the demand set up by the declaration is a joint demand against the principal and surety, and the principal has an offset against the plaintiff. It would have applied to this case, if the plaintiff had sued jointly the principal, John C. Bitner, and the surety, Henry Bitner; but the plaintiff has elected, as he had a right to do, to tieat the obligation he held as the several obligation of Henry Bitner, the surety; and has sued him alone; and it is impossible to extend the meaning of the statute to include such a case. If it included such a case, it might result in the most obvious injustice and absurdity. If, for instance, the defendant had been permitted to file as offset the amount due to his principal, John C. Bitner, $1,900.00, and he had proved the same, what sort of a verdict could the jury have rendered? The offset would have exceeded the plaintiff's demand by more than $1,000.00. Could the jury have found a verdict in favor of the defendant for this difference? Certainly not; for nothing was due to him. Could they have found a verdict in favor of John C. Bitner for this amount? Certainly not; for he was no party to the suit. Could they have simply found a verdict that plaintiff was not entitled to recover on his demand and no more? Certainly not; for in such case in a suit by John C. Bitner for his services it would be impossible to say what portion of them had been allowed as an offset against the plaintiff's demand; as the record in this case would not show what portion of the plaintiff's demand the jury held to be proven. Again, how could the plaintiff be liable to have such an offset used against him, when, if any part of it was rejected by the jury, John C. Bitner could not be held bound by such verdict, as he was not a party to the suit? It seems to me obvious that the statute therefore can not be construed to apply to any case, except to a joint suit against a principal and his surety or sureties. The court therefore did not err in refusing to permit such an offset to be pleaded. . . .

Nor did it err in refusing to permit it to be proven under

the plea of conditions performed as a recoupment. This court in the case of *B. & O. R. R. Co.* v. *Jameson*, 13 W. Va. 847, declined to decide in a suit, very similar to this in other respects, but in which the suit was brought against the principal in the bond, whether the services of the defendant rendered to the plaintiff, as against the principal, could be relied on as a recoupment; it being unnecessary to decide this point in that case. And whether in this suit, had it been against the principal in the bond, John C. Bitner, he could have relied on these services as a recoupment in this case, it is unnecessary to decide; and as the authorities proper to be examined to determine such a question are not now accessible, I decline to express any opinion on this point. From the case of *McHardy et al.* v. *Wardworth*, 8 Mich. 349, relied on by the counsel for the plaintiff in error it may be inferred, that in a suit on this bond against John C. Bitner he could have relied on those services as a recoupment, then in a joint suit against him and his surety on this bond, they could also rely on these services as a recoupment; but there is nothing in this case from which any inference can be drawn that in a suit on this bond against the surety alone, such as the one before us, he could rely on the services of the principal as a recoupment, even could it have been done in a joint suit against them. On the contrary the principles laid down in this case would, I think, fairly lead to the conclusion, that in a suit against the surety alone he could not rely on such services of his principal as a recoupment. Thus it is stated in this case by Judge Christiancy that "a defense by way of recoupment goes only in abatement or reduction of the plaintiff's claim and can be used as a substitute for a cross-action only to the extent of the plaintiff's demand. No judgment can be obtained by the defendant for any balance in his favor. See *Ward* v. *Fellows*, 3 Mich 282."

To apply this doctrine, which is universally admitted, to the present case, if the services of J. C. Bitner could

be recouped in this case, it could only be allowed to the extent of the demand of the plaintiff as proven to the satisfaction of the jury. Had he been a party to the suit, and had it been decided that these services were a proper recoupment, and he had relied upon it, he could in this suit have had no recovery for any excess of services over the plaintiff's claim as proven; and it seems to me in no other action could he have recovered this excess for services rendered the plaintiff in this suit before its institution, and which had been relied on as a recoupment in this case, though for services rendered after the institution of this suit and which could not have been recouped he might recover. See *Britton* v. *Turner*, 6 N. H. 481; *Fabricate* v. *Lannitz*, 3 Sandf. 744; *Mondel* v. *Steel*, 8 M. & W. 869. If this be so, it would seem to be evident that it should be left to his election to have these services recouped, or to sue for them in a separate suit; and therefore that Henry Bitner, the defendant in this case, ought not to be allowed to prejudice his principal by relying on these services as a recoupment in a suit in which the person who rendered the services is not a defendant. But even if it were otherwise, and another suit could be brought by one who had relied on his claim as a recoupment, it would, it seems to me, be obviously improper to permit the defendant to rely on these services of a third party, who was not a defendant, as a recoupment. If the jury reduced this claim of services largely, as for instance to $500.00, John C. Bitner, the party who rendered them, could not be bound by the verdict of a jury in a suit in which he was no party, and he could recover for these services or at any rate for their excess above $500.00; and if he could not be estopped by the verdict of the jury as to the value of these services, it would be obviously unjust to hold the plaintiff in this suit bound by the verdict of the jury as to the value of these services. Yet the plaintiff must be so bound to the extent of his claim, if these services could be in this suit relied on as a recoupment. If the defendant had exe-

cuted with John C. Bitner this bond as a joint bond only, the plaintiff must have sued both obligors; and if these services are a proper subject of recoupment they might have been relied upon as such in such suit. But when he made the bond several as well as joint, he put it in the power of the plaintiff to treat it as a several bond; and when he so treated it and sued him the surety only, it makes it impossible for him to recoup these services of the principal; for if he was allowed to do so, he would thereby be permitted to do injustice to his principal, John C. Bitner, or to the plaintiff in this suit. He has no right to complain of his being deprived of this right of recoupment (if it was a right in such a transaction) as by executing a several bond he voluntarily surrendered such supposed right, if the plaintiff chose to sue on it as a several bond.

The court therefore did not err in refusing to permit the defendant to prove these services of John C. Bitner as a recoupment.

The judgment of the circuit court must therefore be affirmed; and the defendant in error must recover of the plaintiff in error his costs about his defense in this Court expended and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.