Graff v. Kahn.

---

BARNETT GRAFF, use, etc.,

v.

JACOB KAHN.

SET-OFF—SURETY SUED ALONE.—Where a surety on a note, bond or other obligation, is sued alone, he can plead as a set-off a demand due to his principal only where he shows that the demand has been assigned to him or that he makes the set-off with the concurrence and consent of his principal, and such concurrence and consent must be evidenced in such manner as to bind the principal.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.   Opinion filed April 7, 1886.

Messrs. MOSES, NEWMAN & REED, for plaintiff in error; as

to set-off, cited Henderson v. Lewis, 9 S. & R. 382; Cole v. Justice, 8 Ala. 795; Winston v. Metcalf, 9 Ala. 756; Drew v. Towle, 7 Foster, 427; Concord v. Pillsbury, 33 N. H. 315.

Messrs. FLOWER, REMY & GREGORY and Mr. FRED L. BROOKS, for defendant in error; cited Waterman on Set-off, § 237; Baylies on Sureties and Guarantors, 408; Brandt on Suretyship and Guaranty, § 203.

MORAN, J. Plaintiffs in error brought an action upon an attachment bond against Kahn, who signed the bond, claiming special damage. The bond was given in a suit of Benjamin v. Gaff, and after the suit was ended and the attachment quashed Gaff assigned the bond to Moses and Newman.

The question to be determined arises upon the defendant's third plea, which was as follows:

18. 3d plea: And for a further plea, *actio non*, because the supposed writing obligatory in said amended declaration was given and executed for the benefit and on behalf of said William J. Benjamin, therein mentioned, who was the real party in interest in said attachment suit, and that this defendant was simply a surety on said supposed writing obligatory for the performance by said Benjamin of the conditions of said writing obligatory, and had no interest therein or in said attachment suit.

19. And said defendants further say that before and at the time of the execution of said supposed writing obligatory in said amended declaration mentioned, and before and at the commencement of this suit, the said plaintiff was and still is indebted to the said Benjamin in the sum of $696, for goods sold, and for which said Benjamin recovered a judgment against said Graff on Sept. 16, 1884, and the costs of suit, which judgment remains unsatisfied; that said Graff is, and at the commencement of this suit and for a long time prior thereto, has been utterly insolvent; which said sums of money exceed the damages by reason of said supposed breach, etc., and said defendant is ready and willing, and hereby offers to set off and allow to the plaintiff any damages occasioned by the supposed breach in said declaration mentioned, etc.

To this plea plaintiff demurred, the demurrer was overruled, and plaintiff electing to stand by demurrer, there was judgment for defendant. The overruling of the demurrer is assigned for error.

The plea presents the question whether a surety, when sued alone, upon a joint and several undertaking, can set off against the plaintiff a claim due from the plaintiff to his principal, without showing that the claim has been assigned to him by the principal, or alleging that he has the concurrence and assent of the principal in so setting off the claim.

It is settled in this State that the right of set-off is not limited to cases of demands between all the parties to the suit. It exists where there are mutual debts between the real parties in interest. In Himrod et al. v. Baugh, 85 Ill. 435, it was held that in a suit against a party and his sureties a debt or demand due from the plaintiff to the principal defendant, he being the real party in interest, may be set off. After citing a number of authorities which, the court state, recognize an exception under such circumstances to the general rule that joint and separate debts can not be set off against each other, the court say : "It seems to be in consonance with the equitable principles which so largely govern the relations of principal and surety, and we are struck with the fitness of allowing whatever, not merely personal, would be matter of defense for the principal debtor, were he sued alone, to be admitted as a defense in favor of the principal and surety, when they are sued together."

The same rule was applied in Engs v. Matson, 11 Bradwell, 639, and in Hayes et al. v. Cooper, 14 Bradwell, 490. In all these cases, as well as in all the cases cited in the opinion of Mr. Justice Sheldon in Himrod v. Baugh, the principal was a party defendant, with the sureties, and joined with them in the plea of set-off. There is nothing in those cases from which it can be implied that a surety, when sued alone, may, without the assent of the principal, set off a debt due the principal from the plaintiff in the suit, to discharge him, the surety, from his liability. On principle it is difficult to concede such right to the surety. It is the right of the principal to elect

for himself whether he will discharge a claim which he holds against the obligee in the bond by off-setting it against his liability to such obligee. If the surety has the right to set off such a claim without the concurrence of the principal, then he has the right to set off a claim that is larger as well as one that is less than the penalty in the bond, or the amount of damages claimed, and thus he might sacrifice his principal's right of action for a thousand dollars, in discharging a liability against him of one hundred dollars or less.

There could be no judgment on the plea of set-off for any excess over the plaintiff's claim, for the surety could have no right to a judgment in his name for such excess, and the principal could not have a judgment in his favor in a suit where he was not a party. A legal demand can not be split u p and made the basis of two actions. Set-off is but a cross-action, and a claim which goes to judgment upon a plea of set-off , is as fully barred as if the same claim went to judgment in a separate action brought thereon. Forbes v. Jason, 6 Bradwell, 395.

Again, the payment of the claim set forth in this plea of set-off, by the obligee in the bond, by allowing it to be set off against his damages, would be no protection to him in an action upon the claim oy his creditor, the principal in the bond, for the reason that no one can be bound by a judgment to which he is neither party nor privy.

This question was considered by the Court of Appeals of New York, in the case of Gillespie v. Torrance, 25 N. Y. 306. There an accommodation indorser sought to avail himself, in a suit upon the note, of a breach of warranty as to the quality of the goods for which the note was given. The court, after showing that defense was not failure of consideration for the note, but setting up a counter-claim of the principal maker against the payee of the note, says: " In the case which was shown on the trial, there would seem to be a strong equity in favor of the defendant to have the note canceled or reduced, by applying toward its satisfaction the damages which appear to be due to Van Pelt (the principal in the note) for the breach of warranty. It is, however, an equity in which Van Pelt is

Graff v. Kahn.

interested to as great and possibly to a greater extent than the defendant, and can not be disposed of without having him before the court, so that his rights, as well as those of the defendant, may be protected." The claim sought to be set up by the surety in that case was more strictly in the nature of a recoupment than of a set-off. It would seem to go more toward a reduction of the liability on the note, by showing a failure to perform the undertaking which was the consideration of the note. Such a defense by the surety presents a stronger basis than does an attempt to use a distinct claim of his principal as a set-off.

In the case of Lafarge v. Halsey, 1 Bosw. 171, where the sureties on a lease claimed the benefit in and sought to set off in a suit against them for rent due, a claim of the lessee against the lessor for damages, the court said: "If by reason of any fact stated as part of this defense, Laura Keene, (the principal in the lease) might have set up a counter-claim or recoupment these defendants can not. She has assigned no such claim to them and without that they have no right to use what is in her a distinct cause of action, nor to use any part of it for their own benefit. If they are compelled to pay the rent they must seek reimbursement from her, and she will have her recourse to the plaintiff for any damages she has sustained. That claim for damages these defendants have no right to diminish nor impair; and if she were to prosecute such claim, nothing done or proved by these defendants could be permitted to diminish her recovery."

In Winstass v. Metcalf, 6 Ala. 756, the surety on a note was allowed to set off the claim of his principal against the payee of the note, but the plea of set-off expressly alleged that it was with the concurrence and assent of the principal, and the note which constituted the set-off, was in the plea offered to be produced in court. The court said, "The principal debtor is liable to indemnify his surety whenever the latter pays the debt ; and when the former has procured a valid set-off, we perceive no sound reasons why the surety should not be permitted *with his consent and concurrence*, to enforce it in the same manner as if the suit was against both jointly. The case of Lyon v. State

Bank does not assert a principle different from that now held; for there *no assent of the principal debtor was shown that the money due to him from the bank, and held in deposit, should be applied in discharge or as a set-off of the debt.*"

In B. & O. R. R. Co. v. Bitner, 15 W. Va. 455, the precise question here arising was decided. A surety who was sued alone pleaded as set-off a claim of his principal for wages due him for services rendered to the plaintiff in the suit on the bond. The plea was held bad, the court saying: "It is true this court did decide in the case of B. & O. Railroad Co. v. Jameson, 13 W. Va. 833, that in a suit of this character on a bond, like the one sued on in this case, the principal in the bond when sued could plead as a set-off his services rendered as an agent of the plaintiff. But this by no means establishes that the surety when sued alone on a joint and several obligation can plead as a set-off any demand due from the plaintiff to a person not a party to the suit, even though that person stands in the relation of principal to the defendant as a surety." (See also Springer v. Dwyer, 50 N. Y. 19; Sheldon on Subrogations, Sec. 101 and cases cited in notes; Brandt on Suretyship and Guaranty, Sec. 203.)

On principle and authority, therefore, we think it clear that where a surety on a note, bond or other obligation, is sued alone, he can plead as a set-off a demand due to his principal only where he shows that the demand has been assigned to him or that he makes the set-off with the concurrence and consent of his principal, and such concurrence and consent must be evidenced in such manner as to bind the principal. The plea of set-off of defendant Kahn was defective, and for the error in overruling plaintiff's demurrer to said plea the case must be reversed and remanded.

Reversed and remanded.