WILLIAM TOMLINSON, Appellant, v. EZEKIEL LITZE, Appellee.

Judgment in Justice's Court: ENTRY: DELAY: VALIDITY. Where a justice of the peace failed to enter judgment in a cause until more than ninety days had elapsed after the return of a verdict therein, *held*, that the judgment then entered was without jurisdiction, and was void; and that the judgment debtor upon learning of the same, more than a year after the entry thereof, was entitled to have the judgment canceled by a court of equity.

*Appeal from Jones District Court.*—HON. J. D. GIFFEN, Judge.

THURSDAY, JANUARY 29, 1891.

ACTION in equity to set aside and cancel the record of an alleged judgment. There was a trial upon the merits, and a judgment in favor of the defendant. The plaintiff appeals.—*Reversed.*

*Welch & Welch,* for appellant.

No appearance for appellee.

ROBINSON, J.—The record submitted to us discloses the following facts: In August, 1886, the defendant commenced an action against plaintiff before one G. W. Halsey, a justice of the peace, to recover the sum of one hundred dollars. On the twenty-sixth day of that

month there was a trial by jury, which resulted in the return of a verdict on the same day, in favor of the plaintiff in that action, for the sum of thirty-five dollars. On the eleventh day of September, 1886, and again on the sixteenth day of that month, the defendant in that action went to the office of the justice with an appeal bond for the purpose of taking an appeal, but found that judgment had not been entered. On the third day of November, 1886, an attorney for plaintiff visited the office of the justice and found that no judgment had then been entered. The justice moved out of the township, in which he resided when the trial was had, about the first of December, 1886, and, just before he left, he entered judgment on the verdict, but the plaintiff was not advised of that fact, although effort was made in his behalf to ascertain what the justice had done. A transcript of the judgment so entered was filed in the office of the clerk of the district court of Jones county on the seventh day of April, 1888, the amount of the judgment for damages and costs then being more than one hundred dollars. The plaintiff claims that he first learned of the judgment about the time this action was commenced in August, 1888; that the verdict was unjust; that he owed defendant nothing, and, had the justice entered a judgment as required by law, he should have appealed therefrom, and had another trial; and that he was prevented from taking an appeal by reason of the failure of the justice to perform his duty. He asks that the judgment be set aside and canceled, and that he have general equitable relief.

Section 3552 of the Code, in regard to proceedings in justices' courts, is as follows: "In cases of dismissal, confession, or on the verdict of a jury, the judgment shall be rendered and entered upon the docket forthwith. In all other cases, the same shall be done within three days after the cause is submitted to the justice for final action." In this case more than ninety days elapsed after the return of the verdict before judgment was entered. In *Burchett v. Casady*, 18 Iowa, 344, it

was said that the "forthwith" of the statutes means "in a reasonable time," and an entry of judgment on Monday on a confession of judgment filed with the justice late in the evening of the preceding Saturday was sustained.   So in *Davis v. Simma*, 14 Iowa, 156, it was held that a judgment rendered at eleven o'clock A. M. of one day, on a verdict which was returned to the justice at half past ten o'clock of the preceding evening was in time.   But in that case it was said that the legislature has directed that the justice shall, without delay, enter the judgment in such cases, because there is no occasion for deliberation on his part, but that the justice is not required to work at unreasonable hours, and that he is not allowed three days in which to enter the judgment. In *Harper v. Albee*, 10 Iowa, 390, it was held that, the justice having failed to enter a judgment on a verdict for nearly sixty days after the verdict was returned, his right to do so was gone, and a judgment entered by him after that time was void.   *Guthrie v. Humphrey*, 7 Iowa, 25.   We are of the opinion that the delay in entering judgment in this case was so great that the judgment entered was without jurisdiction, and is void.   Had the plaintiff discovered the action of the justice in rendering judgment in time, he might have had that action reviewed by *certiorari*, but it appears that he did not learn of it until more than a year had elapsed after it was done, and until a transcript of the judgment had been filed in the district court.   It was then too late to resort to that remedy.   We are of the opinion that plaintiff has shown himself entitled to the relief asked.   *Dady v. Brown*, 76 Iowa, 528.   REVERSED.