# CHARLESTON.

## PACKET COMPANY *v.* BELLVILLE.

### Submitted March 8, 1904. Decided April 1, 1904.

1. JURISDICTION—*Prohibition.*

    Prohibition will not lie to restrain an inferior court from ex·
    ercising jurisdiction in a particular case, in a class of cases of
    which such court had jurisdiction. (p. 563.)

2. JUDGMENT—*Limitation.*

    Although the statute requires that a judgment of a justice·
    shall be entered within twenty-four hours after trial (Sundays·
    excepted) a judgment rendered within such time, but entered·
    after the time thus directed, is not void. (p. 563.)

3. JUDGMENT—*Justice's Docket.*

    Where a judgmemnt in an action tried before a justice is ren-
    dered and publicly announced by the justice on the day and at
    the close of the trial, although the clerical work of entering·
    the judgment upon his docket is not performed until a few
    days thereafter, the statute is substantially complied with. (p.
    564.)

4. JUSTICE—*Docket.*

    After a justice has rendered and publicly announced his judg-
    ment in an action at the close of the trial, the entry thereof
    upon the justice's docket is purely ministerial, and not judicial.
    (p. 564.)

Error to Circuit Court, Cabell County.

Petition by the Cincinnati, Portsmouth, Big Sandy and Pomeroy Packet Company against Samuel Bellville and others for a writ of prohibition. From a judgment denying the writ, plaintiff brings error.

*Affirmed.*

W. K. COWDEN and W. S. LAIDLEY,. for plaintiff in error.

WALLACE & FITZPATRICK, for defendants in error.

McWHORTER, JUDGE:

J. M. McCoach & Company brought their action before a justice of Cabell county against the Cincinnati, Portsmouth, Big Sandy and Pomeroy Packet Company claiming judgment for money due on contract for $25. The case was tried on the 26th day of March, 1902. The justice rendered judgment for the plaintiffs for the sum of $14.38. On the 5th day of April, 1902, the defendant Packet Company, filed its petition in the circuit court of Cabell county praying for a rule against Samuel Bellville, the justice who rendered the judgment and the plaintiffs to show cause why a writ of prohibition should not be awarded prohibiting said justice from proceeding further in said action and from issuing execution or taking any further steps for the collection of said judgment. The grounds for such prohibition as set out in the petition are that on the day fixed in the summons for the trial of said cause and the defendant having appeared on the 21st of January, 1902, the cause was by agreement continued from time to time until the 26th day of March, when the defendant appeared and made defense to said action and after hearing all the evidence adduced upon the trial the said justice, on the said 26th day of March, 1902, rendered judgment therein against the defendant for said sum of $14.38, with interest and costs; that although said judgment was so rendered the justice did not enter up the same within twenty-four hours, (Sunday excepted) after the judgment was rendered; that he did not enter up said judgment on the 27th, 28th nor 29th of March, but that he did, afterwards, more than seventy-two hours after the time said judgment was rendered wrongfully and illegally enter up the judgment on his docket; that after the same was entered up, notice was given to plaintiff that on the 5th day of April, 1902,

at 2:30 o'clock, defendants would move the justice to set aside and annul the judgment so entered on the ground that it was illegal because not entered within twenty-four hours after its rendition, but the justice overruled the motion and refused to set aside the judgment, and that unless prohibited the justice would continue to usurp and abuse his power as such justice and exceed his legitimate power in such case by issuing execution on said judgment and proceed to collect the same. The circuit court issued the rule; the plaintiff appeared and moved to quash the petition and demurred thereto, and prayed that the rule be discharged, and the court sustained the demurrer and discharged the rule and entered judgment against defendant for the costs in the proceedings, when defendant procured a writ of error to said judgment.

It is contended by plaintiff in error that this case is controlled by the case of *McClain* v. *Davis,* 37 W. Va. 330. That was a case which had been to this Court before. A. J. Lowther in 1886 had brought suit against Davis and on the 8th day of April, 1886, had the verdict of a jury in the case, tried before two justices, in his favor for $184.00 and costs, no entry was made of any judgment on said verdict, afterwards a justice issued an execution; notice was given to the plaintiff to quash the execution; the justice overruled the motion to quash and refused an appeal from his judgment; an appeal was granted, however, by the circuit court and on motion of plaintiff the appeal was dismissed as improvidently awarded and Davis brought it to this Court on writ of error and the Court held that the circuit court erred in dismissing the appeal and the justice erred in overruling the motion of the defendant, Davis, to quash the execution, for the reason that there was no judgment on which it could have been legally issued, and the case was remanded to the circuit court for trial on the appeal. *Lowther* v. *Davis,* 33 W. Va. 132; (10 S. E. 20). On the 20th of March, 1888, the two justices who tried the case entered judgment upon the said verdict, as of the 8th day of April, 1886. Plaintiff Lowther, died and his administrator made a motion before the justice to revive the judgment in his name, which motion was opposed by the defendant and the justice refused to revive, and on appeal to the circuit court his action was affirmed. The administrator brought it to this Court on writ of error and the judgment of the circuit court was here

affirmed. *McClain* v. *Davis,* 37 W. Va. 330, at page 332, it is said in the opinion: "In the first place the case may be regarded as a *res adjulicala,* this Court having in effect directed the execution to be quashed upon the ground that no such judgment had been rendered or entered. It is true that the record now produced of an attempt on the part of the two justices to enter a judgment *nunc pro tunc* was not then before this Court; but the principle often announced, is that everything litigated on the former trial or which might and ought to have been litigated is closed by the final adjudication here." The question raised in the case at bar is not directly passed upon in the said last named case. In 23 A. & E. E. L., 200 (2d ed.,) : "Prohibition cannot be used in place of the ordinary remedies provided by law for review and correction of errors. Accordingly it will not lie where there is an adequate remedy by appeal, writ of error or writ of *certiorari.* Even the erroneous decision of a jurisdictional question, the court having jurisdiction of the general class of cases to which the particular case belongs is not ground for issuing a writ of prohibition, since there is an adequate remedy by appeal. The writ will not lie to restrain an inferior court from exercising jurisdiction in a particular case in a class of cases of which such court had jurisdiction." And cases there cited. In *McConiha* v. *Guthrie,* 21 W. Va. 134, (syllabus point 2) : "The rule is well established, that where the inferior court has originally jurisdiction of the cause, the writ of prohibition will lie only where such court, during the proceedings or in the conduct of the trial, clearly exceeds its legitimate powers in some collateral matter arising in the cause over which it has no authority; but unless it has so exceeded its authority, on an application for such writ, the court above will not enquire whether it has decided right or not." Hutchinson's Treatise, sec. 131, it is said : "Although the statute requires that a judgment of a justice shall be entered as we have seen without delay, or within twenty-four hours after trial (Sundays excepted) a judgment entered after the time or the day thus directed by the statute is not absolutely void. It is irregular but will be effectual as a judgment until reversed or properly set aside." Citing *Mc Clain* v. *Davis,* 37 W. Va. 330, and other authorities. In *Hall* v. *Tuttle,* 6 Hill 38; (40 Am. Dec. 382), it is held: "Though statute require judgment to be forthwith rendered and entered

upon the return of a verdict, a judgment rendered in due time will not be reversed because not entered in the docket until two or three days thereafter." See note at the end of this case, 40 Am. Dec. In *Conwell* v. *Kuykendall,* 29 Kansas, syllabus point 2, it is held: "Where a judgment in an action tried before a justice of the peace is rendered and publicly announced by the justice by the fourth day after the close of the trial, both days inclusive, section 115, chapter 81 of Comp. Laws of 1879, is substantially complied with, although the clerical work of entering the judgment on the docket is not completed until a few days thereafter." In *Stallcup* v. *Baker,* 18 Ohio State 544, it is held that the rendition of judgment by a justice on a verdict of the jury is a judicial and not a ministerial act, and neglect on his part to render judgment on such verdict within the time required by law to make it valid is not a breach of his official bond conditioned that he "Shall well and truly perform every ministerial act that is enjoined upon him by law and by virtue of said office." In *Stephens* v. *Santee,* 49 N. Y. 35, it is held that the entry of judgment is in no respect the exercise of judicial power but the performance of a mere ministerial act. "An omission therefore to make such an entry will not render the entire proceedings a nullity. It may be made by the justice at any time, and will, for the purpose of sustaining the proceedings be regarded as made." *Christopher* v. *Van Liew,* 57 Barb. 17. This was a case where a justice rendered a verdict in favor of plaintiff; by mistake in his docket entered a judgment in favor of defendant and a transcript thereof being filed and docketed in the county clerk's office the plaintiff was compelled to pay the judgment; the justice was held liable as for an act of ministerial neglect and carelessness by which the plaintiff had been directly injured, and it was also held that the justice had the right to correct such a mistake in his docket the moment he discovered it, the error being merely clerical. In *Robinson* v. *Kious,* 4 Ohio State 593, the court holds that the statute which provides that "Upon a verdict the justice must immediately render judgment accordingly, does not make a judgment rendered upon a subsequent day absolutely void, but it makes it irregular and for such irregularity when not waived it is reversible."

The announcement of the conclusion arrived at by the jus-

tice, is the judgment, the entry of it upon his docket is simply the evidence of the judgment. The petition for rule in case at bar alleges the rendition of the judgment on the 26th day of March, the day of the trial of the case, both parties litigant knew precisely what the judgment was. There is no dispute about the jurisdiction of the justice both of the person of defendant and of the subject matter in controversy.

The judgment of the circuit court is right and must be affirmed.

*Affirmed.*