# CHARLESTON.

### CROSS *et al. v.* GALL *et al.*

Submitted January 19, 1909.   Decided March 9, 1909.

1. APPEAL AND ERROR—*Record—Pleading.*

    A demurrer to a bill contained in the body of an answer there-to; but not filed by any order in the cause, or in any other way called to the attention of the court, will be treated as a fugutive paper. (p. 278.)

2. JUSTICES OF THE PEACE—*Pleading—Set-off.*

    Although section 2006, Code 1906, relating to actions before a justice, provides, that "If the defendant, at the time the plaintiffs action is commenced, has any credit, or set-off, or counter claim to allege in defence or reduction of plaintiffs demand, and be personally served with process in the suit, or appear and answer the action, he shall produce the same, with his evidence in support thereof, in the cause, or be forever precluded from maintaining any action for the recovery thereof", it has application only to such set-off as defendant has right in law, and is bound by the statute, to interpose as a defense to plaintiffs action.   (p. 279.)

3. SAME.

    The general rule is that such set-off must be due in the same right and between the same parties, and a defendant in an action before a justice, cannot be compelled to set-off against plaintiff's demand against him, a joint note of plaintiff and a third person held by him, although it be proven on the trial that the plaintiff is principal and such third person surety only in said note.   (p. 279.)

4. SET-OFF AND COUNTER CLAIMS—*Several Joint Defendants—Set-Off as to a Part of Them.*

    Section 3890, Code 1906, which provides that, "Although the claim of the plaintiff be jointly against several persons, and the set-off is of a debt, not to all, but only a part of them, this section shall extend to such set-off, if it appear that the persons against whom such claim is, stand in the relation of principal and surety and the person entitled to the set-off is principal," has no application to any case except to a joint suit against principal and sureties, particularly covered thereby. (pp. 279, 280.)

5. SAME—*Action on Secured Debt—Right of Set-Off.*

    Although a debt be secured by a deed of trust and capable of being rendered certain, yet the debtor is not, as in case of a debt reduced to judgment, precluded from off-setting against

such debt a demand against his creditor, if such demand be certain and fixed in amount. (p. 280.)

6. JUSTICES OF THE PEACE—*Judgment—Entry.*

Where a judgment, in an action tried before a justice, is rendered and publicly announced by the justice on the day and at the close of the trial, or within twenty four hours after trial, as required by statute, although the clerical work of entering the judgment upon his docket be not performed until a few days thereafter, the statute is substantially complied with. Affirming, *Packet Co.* v. *Belleville,* 55 W. Va. 560, and *Bank* v. *Wood,* 60 W. Va. 617. (p. 281.)

7. SAME—*Validity—Correction.*

The judgment of a justice, though erroneous, is not void for off-setting against plaintiffs demand against defendant, and without his consent, and against his protest, a joint note of plaintiff and a third person held by defendant, and such erroneous judgment can be corrected only upon appeal, if an appellate court would have jurisdiction thereof, and a court of equity has no jurisdiction in a suit by or against such defendant to correct such erroneous judgment against him. (p. 281.)

Appeal from Circuit Court, Barbour County.

Bill by Charles Cross and others against Isorà Gall and others. Decree for plaintiffs, and defendant Gall appeals.

*Affirmed.*

J. HOP WOODS, for appellant.

W. T. GEORGE, for appellees.

MILLER, PRESIDENT:

The decree appealed from perpetually enjoins defendants, Isora V. Gall and Charles F. Teter, trustee, from enforcing, and cancelling and annulling, a deed of trust executed April 29, 1889, by Nancy and Charles Cross, purporting to secure payment of their note of same date, at one year, to the order of George W. Gall, Sr., for $115.00, with interest, and by an endorsement thereon by him, March 12th, 1899, assigned to his daughter, the defendant Isora V. Gall.

The principal grounds for relief alleged in plaintiff's bill are, that in a prior civil action before a justice brought by plaintiff, Charles Cross, against defendant, Isora V. Gall, upon an account, she had been charged with a cash payment on said note of $100.00, of April 4, 1902, and given credit for the residue

thereof, with interest, and judgment given against her for the
balance of $6.00, found by the justice in his favor, with interest
and costs, whereby said note had been fully paid off and dis-
charged, and the rights of the parties in relation thereto fully
adjudicated, and which judgment remained in full force, unap-
pealed from and unreversed, whereby said Isora V. Gall was
estopped and concluded from enforcing said trust. The tran-
script from the docket of said justice exhibited with the bill
shows that defendant appeared in person and by counsel, filed
a plea in writing that she did not owe the plaintiff the account
or any part thereof, and that after hearing all the evidence and
the arguments of counsel, the justice was of the opinion that
plaintiff was entitled to recover from defendant, after allowing
her credit for the balance due upon said note, it being shown
that said Charles Cross was principal therein, the sum of $6.00,
and for which sum judgment was given against her in favor of
the plaintiff, with interest and costs, amounting to $34.15, and
which soon afterwards was fully paid off and discharged by her.

Isora V. Gall and E. R. Dyer, administrator of George W.
Gall, deceased, separately answered. The answer of the former
contains a demurrer to the bill, but no order entered filing the
same is found in the record and it does not appear to have been
called to the attention of the court, by any order in the cause,
and it must therefore be treated as a fugitive paper. *Pheasant*
v. *Hanna,* 63 W. Va. 613; *McGraw* v. *Traders National Bank,*
64 W. Va. 509 (63 S. E. 398.) An order of December 11, 1906,
says a demurrer in writing to the so called affirmative matter in
the answer of the said Isora V. Gall, was interposed by plaintiff,
and which was sustained and said affirmative matter stricken out,
and that plaintiff replied generally to the residue of the said
answer. No such written demurrer, however, is found in the
record, and we can not say what part of the said answer was
intended to be stricken out. Practically all the matter of the
answer is responsive to the matter of the bill, or raises issues
of law and fact, necessarily involved and determined by the judg-
ment of the justice. The prayer of said answer is that so much
of the judgment of said justice as undertakes to extinguish the
balance due upon said deed of trust may be set aside as void,
the injunction dissolved, and that defendant Teter, trustee, be
directed to proceed with the sale of the land, under the notice

given by him, to pay and satisfy said debt. As we do not know
what part of the answer was intended to be stricken out, and as
it contains matter mainly responsive to the bill, we cannot say
that any error was committed in sustaining the demurrer thereto
and striking out such affirmative matter of the answer. The
case was finally heard upon the pleadings thus made up and upon
the facts agreed.

Isora V. Gall, in her answer, relies mainly on several legal
propositions presented by the pleadings and facts as agreed:
First, that as her plea in the action before the justice was a
simple denial of indebtedness, no plea of set-off of the note was
involved or in issue, she could not be required involuntarily to
litigate with plaintiff in said action her rights as against him
respecting said note; and that she is not estopped or concluded
by said judgment. To the general proposition thus affirmed,
the statute section 2006, Code 1906, we think makes clear answer.
It provides that "If the defendant, at the time the plaintiff's
action is commenced, has any credit, or set-off, or counter claim
to allege in defence or reduction of the plaintiff's demand, and
be personally served with process in the suit, or appear and
answer the action, he shall produce the same, with his evidence
in support thereof, in the cause, or be forever precluded from
maintaining any action for the recovery thereof." But the ap-
plication of this statute depends on the question, to be next con-
sidered, whether said note was such an off-set against plaintiff's
demand as defendant could or was obliged by this statute to put
in issue. If it was of course the judgment concludes her.

Second, that as a set-off must be due in the same right and
between the same parties, and as said note was the joint note of
plaintiff and his wife, while plaintiff's demand was against ap-
pellant alone, it was improperly set-off, or credited to plaintiff's
account by the judgment of the justice. This in general also
contains a correct proposition of law. 12 Ency. Dig. Va. &
W. Va. Rep. 257; 4th Minor Institute, 788. But it is said in
answer to this, that section 3890, Code 1906, has so modified the
general rule as to give right of set-off of the note, though said
note be the joint note of plaintiff and his wife, and that having
that right, said section 2006 imposes the duty to plead it, and
inflicts the penalty prescribed thereby for failure to do so. Said
section 3890, is as follows: "Although the claim of the plaintiff

be jointly against several persons, and the set-off is of a debt, not to all, but only to a part of them, this section shall extend to such set-off if it appear that the persons against whom such claim is, stand in the relation of principal and surety and the person entitled to the set-off is the principal." It is obvious that this provision has no literal application to the case at bar. The claim of the plaintiff is not a joint claim against several persons in which one entitled to a set-off is principal and the other sureties. In construing this statute, this Court, in *B. & O. R. R. Co.* v. *Bilner,* 15 W. Va. 455-463, speaking by Judge GREEN, said: "It seems to me obvious that the statute therefore can not be construed to apply to any case, except to a joint suit against a principal and his surety or sureties." And Mr. Minor, 4 Minor Institutes, at the page already cited, referring to this statute, says: "In short, joint and separate demands cannot be set-off one against another, save in the special case provided for by our statute." And he cites a number of Virginia decisions. But it is said that the last clause of said section 3890, providing that "in the issue, the jury, judge, or justice shall ascertain the true state of indebtedness between the parties, and judgment be rendered accordingly," authorized the justice to pronounce the judgment complained of in this case. This would be so if the set-off was one authorized by law. For these reasons we think the judgment respecting said note was erroneous.

There is nothing in the record to show that the off-set did not belong to the defendant at the time of the suit, nor that the same was then in suit before any other court or justice, and therefore there is nothing in these suggestions of counsel.

Third, it is claimed that because said note was the joint note of plaintiff and his wife, secured by deed of trust, and thereby rendered certain in amount, it ought to be treated like a judgment, which it is claimed, upon the authority of *Faulconer* v. *Stinson,* 44 W. Va. 546, defendant could not be compelled to set-off against the plaintiff's unliquidated demand. We do not think that case has any application to this. It is true perhaps that the balance due upon the note was capable of being rendered certain, but there had been partial payments upon it, and not the whole of the note was due. The reason given in *Faulconer* v. *Stinson* is that "The owner of the judgment has had his demand judicially ascertained and ended, and shall the other party come with his

off-set and inaugurate another contest against the judgment, or shall he be compelled, by, separate action, to establish his demand at law, and then set-off his judgment? The law compels him to do the latter."

The controlling question we have for decision then is, Is the judgment of the justice for the error therein void in whole or in part, or is it conclusive of the rights of Isora V. Gall? Counsel for Miss Gall affirm that the judgment is void for two reasons, namely: First, because it was not entered up in the docket of the justice within twenty four hours, as provided by section 2065, Code 1906; second, because it appears on the face of the transcript of his docket that the justice exceeded his jurisdiction in setting off against plaintiff's demand the amount due upon said note, and entering judgment for the balance. On the first proposition counsel say that *McClain* v. *Davis,* 37 W. Va. 330, *Richmond* v. *Henderson,* 48 W. Va. 389, and *Packet Co.* v. *Bellville,* 55 W. Va. 560, leave this question open. But in addition to those cases we have *McDowell County Bank* v. *Wood,* 60 W. Va. 617, re-affirming the rule of *Packet Co.* v. *Bellville, supra,* and effectually overruling *McClain* v. *Davis,* holding that "where a judgment in an action tried before a justice is rendered and publicly announced by the justice on the day and at the close of the trial, although the clerical work of entering the judgment upon his docket is not performed until a few days thereafter, the statute is substantially complied with." This case must therefore be regarded as announcing the settled rule upon the subject.

But is the judgment void on the second ground? Our conclusion is that this proposition must be denied. The judgment of the justice we think must be regarded as merely erroneous and not void, and therefore reviewable only upon appeal, if appeal would lie. But it is argued, that as this Court has heretofore denied appellant a writ of prohibition against the enforcement of said judgment, she has no other remedy except in a court of equity. But a court of equity cannot be made to perform the functions of an appellate court, and to correct errors therein. There can be no question but that the justice had jurisdiction of the plaintiff's action and although as we have determined his judgment was erroneous in so far as it undertook to off-set against plaintiff's demand the joint note in question, yet it can-

not be said that the justice was without jurisdiction so as to render his judgment void. Judgments are not void for mere error therein, and unless there is total want of jurisdiction, a court of equity has no jurisdiction, for mere grounds of error to interfere. We must therefore affirm the decree below.

*Affirmed.*