[No. 11068.    Department Two.    July 28, 1913.]

CHARLES I. MUNDY, *Appellant*, v. F. A. KERN *et al.*, *Respondents.*[1]

JUSTICES OF THE PEACE—JUDGMENT—RENDITION—DELAY IN ENTRY —EFFECT. Under Rem. & Bal. Code, § 1770, requiring a justice of the peace to keep a docket and enter judgment when rendered, and Id., § 1859, providing that in trials by the justice judgment shall be entered immediately after the close of the trial, and Id., § 404, defining a judgment to be the final determination of the action, a justice's announcement of judgment for the plaintiff at the close of the trial is the rendition of judgment, and the entry being a ministerial act, delay of ten days in making the entry is not so unreasonable as to render the judgment void.

SAME—JUDGMENT—REVIEW—APPEAL—INJUNCTION. Where matters of defense in an action before a justice do not show want of jurisdiction over the subject-matter, the remedy of a party aggrieved by the judgment is by appeal or review, and not injunction against enforcement of the judgment.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered March 16, 1912, dismissing an

[1]Reported in 133 Pac. 1035.

action for equitable relief, upon sustaining a demurrer to the complaint. Affirmed.

*Pruyn & Hoeffler*, for appellant.

*F. A. Kern*, for respondents.

MAIN, J.—The purpose of this action is to obtain an injunction restraining the levying of an execution, and to have declared void a judgment upon which the execution issued.

On February 26, 1912, the appellant filed in the superior court his amended complaint, the material parts of which are, in substance, as follows: That in the month of December, 1911, the respondent F. A. Kern commenced an action before a justice of the peace in Ellensburg precinct, Kittitas county, Washington; that appellant appeared therein and filed his answer on December 19, 1911; that the cause was tried on the same day, and at the conclusion of the trial the justice announced "judgment for plaintiff"; that at the time of the trial the justice had not entered the cause upon his docket, nor any of the proceedings therein, nor had he done so on December 29, 1911; that he did not enter on his docket a judgment in favor of the plaintiff and against the defendant until more than three days had elapsed after the date of the trial; that the judgment so entered is void; that execution has been issued and is now in the hands of the respondent B. A. German, as sheriff of Kittitas county, who is about to levy upon the property of appellant and sell the same to satisfy the judgment; that appellant will be thereby irreparably injured, and has no plain, speedy or adequate remedy at law. The appellant further alleges facts which constituted his defense to the action before the justice.

To this complaint, on March 1, 1912, the respondents filed a general demurrer. Thereafter, and on March 16, 1912, the demurrer was considered by the court and an order entered sustaining the same. The appellant failed to plead further within the time allowed, and on March 16, 1912, a

judgment was entered dismissing the appellant's action and rendering judgment against him for costs.  This appeal follows.

Section 1770, Rem. & Bal. Code (P. C. 287 § 127), provides that "every justice of the peace shall keep a docket in a well bound book, in which he shall enter,—  . . .  The judgment of the court, and the time when rendered."  The section contains thirteen other subdivisions providing other entries which the justice of the peace shall make under proper circumstances prior and subsequent to judgment.  Section 1859, Rem. & Bal. Code (P. C. 287 § 235), provides:

"Upon the verdict of a jury, the justice shall immediately render judgment thereon.  When the trial is by the justice, judgment shall be entered immediately after the close of the trial, if the defendant has been arrested and is still in custody; in other cases it shall be entered within three days after the close of the trial."

The foregoing provisions of the statute direct the justice to keep a docket, provide the entries he shall make therein, and the times when judgments shall be entered therein.  No time is fixed for the making of the entries other than judgments.  When the justice announces or renders judgment, he performs a judicial act; the entry of the judgment in his docket is the performance of a ministerial act.  His failure to make the entries in his docket at the time prescribed by the statute does not render the judgment void.  This ministerial act may be lawfully performed thereafter.  In *Fish v. Emerson*, 44 N. Y. 376, it was said:

"The act of rendering judgment by the justice is judicial; that of entering it in his docket is ministerial.  The judicial functions of the justice are completed when he has rendered his judgment.  The duty of rendering judgment where the cause is tried by himself is imperatively to be performed within four days.  The duty of entering it in his docket has been held to be directory merely, owing to its ministerial character, and although the time is prescribed by the statute to be four days, within which it is to be done, that is not a limita-

tion upon the power of the justice, but it may be validly performed afterward."

The appellant cites and apparently chiefly relies upon the case of *Tomlinson v. Litze*, 82 Iowa 32, 47 N. W. 1015, 31 Am. St. 458. In that case, under a statute requiring the justice to enter a judgment forthwith, it was held that a judgment not entered for more than ninety days after the verdict of the jury had not been entered within a reasonable time, and was therefore void. But the rule there announced is hardly applicable to the present case, for the reason that there more than ninety days had elapsed after the conclusion of the trial; while in the present case, according to the allegations of the complaint, the judgment had not been entered within ten days after the time required by the statute. To make the rule of the Iowa case applicable, it would be necessary to hold that a delay of ten days in entering the judgment was such an unreasonable delay as to avoid the judgment. This, we think, should not be done.

Section 404, Rem. & Bal. Code (P. C. 81 § 748), defines a judgment to be "the final determination of the rights of the parties in the action." At the close of the trial, the justice announced "judgment for plaintiff." It is clear that the justice intended by the words uttered to render judgment in favor of the plaintiff and against the defendant for the full amount of plaintiff's claim. The appellant was evidently present, and does not allege that he was misled thereby. The announcement of the justice indicated that he had determined the issues in favor of the plaintiff and against the defendant; that he had determined the rights of the parties and considered that the plaintiff was entitled to judgment in the sum claimed. This announcement, and not the entry in his docket, constituted the judgment. The entry in the docket, when made, would constitute the best evidence of the judgment. *Hickey v. Hinsdale*, 8 Mich. 267, 77 Am. Dec. 450; *Packet Co. v. Bellville*, 55 W. Va. 560, 47 S. E. 301. In the last case cited it is said: "The announcement of the con-

clusion arrived at by the justice is the judgment. The entry of it upon his docket is simply the evidence of the judgment."

The appellant attempted in his complaint to challenge the jurisdiction of the justice over the subject-matter of the action upon which the judgment was rendered. We do not, however, consider that the facts stated in the amended complaint are sufficient to show a want of jurisdiction by the justice over the subject-matter of the action. It appears to us that the facts alleged were mere matters of defense. If the appellant felt aggrieved by the judgment of the justice in this regard, his remedy was by appeal or review.

The facts stated in the amended complaint were not sufficient to constitute a cause of action against the respondents, and the superior court properly sustained their demurrer. The judgment is therefore affirmed.

ELLIS, FULLERTON, and MORRIS, JJ., concur.